**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **NAOMI BOLES,** | § | |
| **on behalf of herself and all others** | § | |
| **similarly situated,** | § | |
| | § | |
| **PLAINTIFF,** | § | **CIVIL ACTION NO.** |
| | § | |
| | § | **10-cv-1003-XR** |
| **VS.** | § | |
| | § | |
| **MOSS CODILIS, LLP and** | § | |
| **NATIONSTAR MORTGAGE, LLC** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **DEFENDANTS** | § | |
| | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE**:

Exercising her right to amend her complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B), Naomi Boles, suing on behalf of herself and all others similarly situated, hereby files her First Amended Complaint, and alleges the following:

## JURISDICTION

1. This Court has federal question jurisdiction over this case and the parties. The primary claims made herein are for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* Therefore, this Court has jurisdiction pursuant to 28 U.S.C. §1331 concerning claims arising under the laws of the United States. The Court has personal jurisdiction over the Defendants because the Defendants regularly and systematically conduct business in Texas and in this Federal judicial district.

## VENUE

2. Venue is proper in the United States District Court for the Western District of Texas, pursuant to 28 U.S.C. § 1391(b), based upon the fact that Plaintiff is a citizen of the State of Texas and resides in Bexar County, which is located in the Western District of Texas. The transactions and occurrences which give rise to this action occurred in the Western District of Texas.

## PARTIES

3. Naomi E. Boles is an individual residing in San Antonio, Bexar County, Texas, who shall hereinafter be referred to by name or as "Plaintiff."

4. Defendant, Moss Codilis, LLP, (hereinafter referred to as "Moss Codilis") is a foreign limited liability partnership organized under the laws of the state of Colorado. It has entered an appearance and filed an answer in this case through counsel.

5. Defendant Nationstar Mortgage, LLC (hereinafter referred to as "Nationstar") is a foreign limited liability company organized under the laws of the state of Delaware. It has entered an appearance in this case through counsel.

## FACTUAL BACKGROUND

6. Plaintiff owns certain real property which she acquired in 1991 and has always used as a home and claimed as her homestead. Plaintiff's home is located at 7202 Elm Trail, San Antonio, Bexar County, Texas. On or about October 13, 2006, Plaintiff obtained a Texas home equity loan[1] with Nationstar and pledged her homestead to secure repayment of the mortgage loan. Prior to closing on a Texas home equity loan, lenders are required to provide borrowers with

[1] being the type of credit defined by Section 50(a)(6), Article XVI of the Texas Constitution.

certain disclosures set forth in Section 50(g), Article XVI of the Texas Constitution, including the following statement:

**NOTICE CONCERNING EXTENSIONS OF CREDIT DEFINED BY SECTION 50(a)(6), ARTICLE XVI, TEXAS CONSTITUTION:**

SECTION 50(a) (6), ARTICLE XVI, OF THE TEXAS CONSTITUTION ALLOWS CERTAIN LOANS TO BE SECURED AGAINST THE EQUITY IN YOUR HOME. SUCH LOANS ARE COMMONLY KNOWN AS EQUITY LOANS. IF YOU DO NOT REPAY THE LOAN OR IF YOU FAIL TO MEET THE TERMS OF THE LOAN, THE LENDER MAY FORECLOSE AND SELL YOUR HOME. THE CONSTITUTION PROVIDES THAT:
. . .

(C) THE LOAN MUST BE WITHOUT RECOURSE FOR PERSONAL LIABILITY AGAINST YOU AND YOUR SPOUSE UNLESS YOU OR YOUR SPOUSE OBTAINED THIS EXTENSION OF CREDIT BY ACTUAL FRAUD.

7. Upon information and belief, Nationstar sold Ms. Boles' loan to JPMorgan Chase Trust and contracted with JPMorgan Chase Trust to service the loan on its behalf. It is not presently known whether the loan was transferred to JPMorgan Chase Trust before Nationstar first alleged a default in August 2008 (which is disputed) or after, as no assignment or transfer is recorded in the real property records of Bexar County, Texas. In or around August of 2008, Nationstar alleged that Ms. Boles had missed one or more payments on her mortgage loan, which fact Ms. Boles disputed. The dispute lasted for several months, during which time Nationstar retained Defendant Moss Codilis to collect the alleged debt associated with the home equity loan. In connection with the collection of sums alleged to be due on the loan, Moss Codilis mailed to Plaintiff at least ten (10) form letters, true and correct copies of which are attached hereto as Exhibit "1". The form letters contain the following misrepresentation concerning the character or status of Ms. Boles' Texas home equity loan and the extent of Ms. Boles' personal liability on the loan: "If you voluntarily surrender possession of the collateral specified herein, *you could*

*still owe additional monies after the money received from the sale of the collateral is deducted from the total amount you owe*." (*Emphasis added*).

The letter also implies that Ms Boles is personally liable on the home equity loan unless she has discharged the alleged personal liability in bankruptcy by stating: "If you received a bankruptcy discharge which included this debt, this notice is not intended and *does not constitute an attempt to collect a debt against you personally*; notice provisions may be contained within your mortgage/deed of trust which require this notice prior to foreclosure."

8. Upon information and belief, the same form of letter has been sent to hundreds or thousands of Texas residents who have home equity loans like Ms. Boles. The letter misrepresents Texas law and the character and status of the loan because Texas residents who have obtained Texas home equity loans secured by their homesteads have no personal liability on the loan or for any deficiency owing on a home equity loan after a foreclosure. <u>Tex Const.,</u> Art 16, §50(a)(6)(C) ("The homestead … is hereby protected from forced sale, for the payment of all debts except for … an extension of credit that … is without recourse for personal liability against each owner and the spouse of each owner…").

## <u>GROUNDS FOR RELIEF</u>

### Federal Fair Debt Collection Practices Act

9. Plaintiff and all members of the putative class are consumers as defined by 15 U.S.C. §1692a(3), and they are natural persons obligated or allegedly obligated to pay any "debts", as defined by 15 U.S.C. §1692a(5).

10. Texas home equity loans are "debts" as defined by 15 U.S.C. §1692a(5); they are obligations owed or allegedly owed by consumers to pay money arising out of a transaction in

which the money, property or services which are the subject of the transaction are primarily for personal, family or household purposes.[2]

11. Moss Codilis is a "debt collector" as that term is defined by the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), because it regularly uses instrumentalities of interstate commerce or the mails to attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. Moss Codilis has admitted in its Answer filed with this court that it is a debt collector. Doc. 11, para. 8.

12. Nationstar is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly uses instrumentalities of interstate commerce or the mails to attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. By way of example:

A). Nationstar sent through the mails to a putative class member in this case the letter attached hereto as Exhibit "2", which is the same form of letter that was sent to Ms. Boles and other members of the class, attached hereto as in Exhibit "1". Nationstar's letter contains the same misrepresentation regarding personal liability on home equity loans, and in the letter, Nationstar clearly identifies itself as a debt collector ;

B). On its website, Nationstar represents itself to be a third party debt collector and solicits business for third party debt collections in all 50 states, as follows:

---

[2] Courts that have considered the question have held that non-recourse debts are "debts" for purposes of the FDCPA. *See, e.g. Piper v Portnoff Law Assoc., 396 F. 3d 227, 232-233 (3rd. Cir. 2005); Albanese v. Portnoff Law Assocs. 301 F. Supp. 2d 389, 396 (E.D. Pa. 2004)* ("this court finds that the FDCPA applies to *in rem* proceedings, as well as those i*n personam*"). The term "debt" also applies to alleged obligations to pay, as alleged in the letter that is the subject of this case. *McCartney v. First City Bank*, 970 F. 2d 45, 47 (5th Cir. 1992). The definition section of the FDCPA defines "debt" as "any obligation *or alleged obligation* of the consumer to pay money." § 1692a(5) (emphasis added).

## Debt Recovery Services

Our independent Debt Recovery Services group increases cash flow by collecting on charged-off debts, deficiency balances, deficiency notes, and other unsecured debt. Led by an experienced team of managers and specialists, our recovery strategy is a high-touch approach, including a collectability audit for each asset. As a licensed debt collector in all 50 states, we operate in a strictly compliant and ethical manner. Our debt recovery specialists take a consultative approach with borrowers, pursuing litigation only when appropriate and allowable under state law. We concentrate on making contact and reaching a repayment plan with debtors, and failing that, we may pursue lump sum settlements.

Source: http://nationstarspecialservicing.com/our_services

This statement, made by Nationstar itself, indicates that Nationstar collects debts for others, including debts that are in default (charged off, deficiency balances and notes are by definition debts in default) making Nationstar a debt collector pursuant to 15 U.S.C. §1692a(6), without the benefit of the §1692a(6)(F) exclusion.

C). Nationstar has posted with the Texas Secretary of State certain "third party debt collector" bonds, required only of those debt collectors who collect debts for others (creditors)[3]:

| Principal Name: **Nationstar Mortgage LLC** | # 1 |
|---|---|
| Address: | **350 Highland Drive<br>Lewisville, TX 75067** |
| File Number: | **20100252** |
| Status: | **Active** |
| Date Filed: | **9/16/2010** |
| Cancellation Date: | |
| Phone: | |
| Bonding Company: | **Argonaut Insurance Company** |
| Bond No: | **SUR0009884** |

[3] The bond is required by Tex. Fin. Code Ann. §392.101 for third-party debt collectors or credit bureaus engaged in debt collection.

| Principal Name: **Nationstar Mortgage LLC** | | # 2 |
|---|---|---|
| Address: | **2501 S Highway 121 Business, Suite 100**<br>**Lewisville, TX 75067** | |
| File Number: | **20100165** | |
| Status: | **Active** | |
| Date Filed: | **6/3/2010** | |
| Cancellation Date: | | |
| Phone: | | |
| Bonding Company: | **Argonaut Insurance Company** | |
| Bond No: | **SUR0009800** | |

Source: http://direct.sos.state.tx.us/debtcollectors/DCsearch.asp

This fact once again supports the claim that Nationstar is collecting defaulted consumer debts for others, making it a debt collector pursuant to 15 U.S.C. §1692a(6) without the benefit of the §1692a(6)(F) exclusion. There would be no need to obtain the bonds unless Nationstar is in the business of collecting consumer debts for others.

D). On its monthly mortgage statements and the annual escrow account disclosure statements it sends to its customers, Nationstar often identifies itself as a debt collector, and states that "[t]his is an attempt to collect a debt and any information obtained will be used for that purpose." See statements contained in Exhibit "4" attached hereto.

E). A January 26, 2011, Standard & Poor's evaluation of Nationstar reported that:

(i). Nationstar's "loss prevention (collections) department controls delinquent account resolution and loss mitigation, while the default management unit handles foreclosure task, bankruptcy tasks and REO."

(ii). There are 227 employees in the collection department and another 190 employees in the loss mitigation department.

(iii). "The collection group directs calling campaigns with its autodialer and supplements the campaigns with manual efforts for more serious delinquencies."

(iv). Nationstar has training programs for its employees with an extensive focus on the Fair Debt Collection Practices Act (FDCPA) and other regulatory guidelines.

Source: http://www.standardandpoors.com/ratings/articles/en/us/?assetID=1245286172824

13. Because Nationstar is a debt collector, it is liable for not only its own direct or indirect debt collection actions, but it is also vicariously liable for the debt collection actions of its attorney debt collector agent, Moss Codilis. At all time relevant to this case, Moss Codilis was an agent for Nationstar, was authorized and directed by Nationstar to conduct the debt collection actions complained of herein (i.e. to send the debt collection letters containing the misrepresentations of Texas law), and sending the letters was within the scope of the agency. On information and belief, Moss Codilis has employees on-site at Nationstar's Lewisville, Texas, headquarters who work with Nationstar employees to prepare files for collections. Nationstar has been carbon-copied by Moss Codilis with every letter it has sent out which includes the language which is the subject of this lawsuit. Further, Nationstar ratified the conduct of Moss Codilis by engaging in the same conduct and sending the same letter containing the same misrepresentation of Texas law (see Exhibit "2" attached hereto), and by presumably accepting the benefits of the misrepresentation (i.e. by accepting the money collected in response to the collection letters containing the false representations of Texas law). Furthermore, Nationstar may

have itself composed the offensive letter and authorized and directed that it be sent by Moss Codilis under the letterhead of Moss Codilis.

14. The FDCPA prohibits the use of ***"any"*** false, deceptive, or misleading representation or means in connection with the collection of any debt. *See* 15 U.S.C. §1692e, including §1692e(2) (falsely representing the character or legal status of any debt); e(5) (threatening to take legal action that cannot be taken or that is not intended to be taken); and e(10) (using any false representation or deceptive means to collect or attempt to collect any debt).

15. The letter sent by Defendants to hundreds or thousands of Texas consumers is misleading and contains a false statement or implication that is misleading to the least sophisticated Texas consumer because it expressly or impliedly represents to such consumers that they have personal liability on their Texas home equity loans, when in fact (and absent actual fraud in obtaining the loan), they have no personal liability on home equity loans pursuant to the terms of the Texas Constitution. Tex Const., Art 16, §50(a)(6)(C). This false, deceptive and misleading representation violates 15 U.S.C. §1692e(2) by expressly or impliedly misrepresenting the character or legal status of the debt, 15 U.S.C. §1692e(5) by express or impliedly threatening to take action that cannot legally be taken or that is not intended to be taken, and 15 U.S.C §1692e (10) by using any express or implied false representation or deceptive means to collect or attempt to collect any debt.

16. The nature of the misrepresentation can better be appreciated by comparing the letters sent by Defendants (Exhibits "1" and "2") with letters from other attorney debt collectors, an example of which is attached hereto as Exhibit "3". Instead of falsely representing to consumers that they may be personally liable for deficiencies (i.e. amounts personally owed after foreclosure of the property), other collectors have used language such as the following:

**If your loan is a Texas Home Equity or Reverse Mortgage** - *If your loan is a Texas home equity or reverse mortgage, Section 50(a)(6)(C), Article XVI of the Texas Constitution provides that the loan is given without personal liability against each owner of the property and against the spouse of each owner unless the owner or spouse obtained the loan by actual fraud. This means that, absent such actual fraud, the lender may enforce its rights under the security instrument solely against the property securing the loan and it may not seek a deficiency judgment against the owner of the property or the spouse of an owner. Therefore, if your loan is a Texas home equity loan or reverse mortgage, the attached Notice is* ***not an attempt to collect the debt*** *that is secured by the property* ***from you personally*** *but is provided for information only and to proceed with foreclosure of the lien and property securing the debt.*

*(Emphasis added).*

17. For herself and for each member of the putative class, Plaintiff seeks judgment against the Defendants for the maximum statutory damages provided by the FDCPA, §1692k, and costs of this action, including reasonable attorneys' fees and other expenses of litigation as determined by the court, through the trial of this action and for any appeal taken from a judgment entered herein.

**Texas Debt Collection Act Cause of Action**

18. Moss Codilis is a "third party debt collector" as defined by the Texas Debt Collection Act ("TDCA"), which defines a third party debt collector as "a debt collector, as defined by 15 U.S.C. Section 1692a(6)" and includes attorneys who have "non-attorney employees who regularly solicit debts for collection" or "regularly make contact with debtors for the purposes of collection or adjustment of debts", as does Moss Codilis. Tex. Fin. Code 392.001(7) (A), (B).

19. Nationstar is a "third party debt collector" as defined by the TDCA because it is as "debt collector" as defined by 15 U.S.C. Section 1692a(6). Tex. Fin. Code §392.001(6).

20. Nationstar is also a "debt collector" as defined by the TDCA because it directly or indirectly engages in debt collection, i.e., it regularly engages in action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor and others. Tex. Fin. Code §§ 392.001 (6); 392.001 (5).

21. The home equity loan is a "consumer debt" as defined by Tex Fin. Code 392.001(1) because it is an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction. Ms. Boles and the putative class members borrowed the money in connection with their home equity loans for their personal, family, or household use.

22. By sending the letters containing misrepresentations of Texas law and misrepresentations of the character and status of home equity loans, Defendants have both violated the Texas Finance Code sections 392.301(7) (threatening to take action prohibited by law) and 392.304(8) (misrepresenting the character of a consumer debt or misrepresenting the consumer debt's status in a judicial or governmental proceeding) and 392.304(19) (using any other false representation or deceptive means to collect a debt).

23. Plaintiff, pursuant to §302.403(1) of the Texas Finance Code, seeks injunctive relief to prevent or restrain Defendants from continuing to misrepresent to Texans that they have or may have personal liability on home equity loans when in fact they do not, absent actual fraud.

24. Pursuant to §392.403(b), Plaintiff also seeks attorneys' fees related to the amount of work performed, costs of court, and other expenses of litigation, through the trial of this action and for any appeal taken from a judgment entered herein.

## CLASS ACTION ALLEGATIONS

25. Plaintiff seeks to certify this case as a class action. Plaintiff seeks certification of a class defined as follows: All persons who had a home equity loan secured by their homestead in Texas, and to whom the form of letter attached hereto as Exhibits "1" or "2" (or a similar letter indicating that the recipient has personal liability on a Texas home equity loan) was mailed by

one or both Defendants during the period of time after December 13, 2008 (two years prior to the filing of this case) through the date of certification.

26. This action is brought as a class action arising from Defendants' uniform, repeated and systematic violations of the FDCPA and TDCA. This action is properly brought as a class action for the following reasons:

(a). The Class consists of hundreds or thousands of persons and is thus so numerous that joinder of all members, whether otherwise required or permitted, is impracticable.

(b). There are questions of law or fact common to the Class and those common questions predominate over any questions affecting only individual members.

(c). The claims asserted by Plaintiff are typical of the claims asserted by members of the Class.

(d). Defendants have acted on grounds generally applicable to the class thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

(e). Plaintiff will fairly and adequately protect the interests of the Class in that she has no interests antagonistic to those of the other members of the Class, she is committed to diligently prosecuting the case, and she has a sufficient level of knowledge and understanding to be capable of controlling or prosecuting the litigation and also has an understanding of her role as class representative.

(f). Plaintiff has retained attorneys experienced in class action, consumer and fair debt collection litigation. Plaintiff's counsel are ready, willing and able to prosecute

this case with vigor. Plaintiff's counsel have no conflicts of interest with the named Plaintiff or with the putative class members.

(g). A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

(i). Given the size of individual Class members' claims, few Class members could afford to seek legal redress individually for the wrongs Defendants committed against them;

(ii). When the liability of Defendants is adjudicated, claims of all members of the Class can be determined by the Court;

(iii). This action will facilitate the orderly and expeditious administration of the Class claims; economies of time, effort and expense will be fostered, and uniformity of outcome will be assured;

(iv). Without a class action, the Class members will continue to suffer damages, and Defendants' violations of law will continue without remedy while they reap and retain the proceeds of their wrongful conduct; and

(v). This action presents no difficulties that would impede its management by the Court as a class action.

## JURY DEMAND

27. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, on behalf of herself and all others similarly situated, prays that a judgment be entered against Defendants, jointly and severally:

(a) Certifying that this lawsuit is a proper class action and certifying an appropriate class;

(b) Awarding the Plaintiff and the members of the class their statutory damages in the maximum amount allowed by law;

(c) Awarding Plaintiff and members of the Class pre-judgment and post-judgment interest on their statutory damages to the maximum extent allowed by law;

(d) Entering an injunction against the Defendants as requested herein;

(e) Awarding Plaintiff and members of the Class their costs, as well as their reasonable attorney's fees and expenses of litigation incurred in connection with this lawsuit and for any appeal taken from a final judgment entered herein; and

(f) Granting such other and further relief as the Court deems just and proper, including injunctive relief to permanently prevent Defendants from using the same or similar collection tactics in the future.

Respectfully submitted,

**LAW OFFICE OF H. ANTHONY HERVOL**
4414 Centerview Drive, Suite 200
San Antonio, Texas 78228
(210) 522-9500
(210) 522-0205 (Fax)
*Electronic Mail:* hervol@sbcglobal.net

By:__ /s/ H. Anthony Hervol________________
H. Anthony Hervol
State Bar No. 00784264
Attorney for Plaintiff

**BINGHAM & LEA, P.C.**
319 Maverick Street
San Antonio, Texas 78212
Telephone: (210) 224-1819
Facsimile: (210) 224-0141
ben@binghamandlea.com

By: /s/ *Benjamin R. Bingham*______________
Benjamin R. Bingham
State Bar No. 02322350

**Attorneys for Plaintiff, Naomi Boles,**
on behalf of herself and all others
similarly situated

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves e-mail notification of such filing to the following counsel of record on this _28th_ day of February, 2011.

Lisa S. Gallerano at lgallerano@akingump.com
Patrick G. O'Brien at pobrien@akingump.com
AKIN GUMP STRAUSS HAUER &FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201
Attorneys for Nationstar Mortgage, LLC

Mr. Mark Lyndon Aschermann at aschermann.law@swbell.net
Barbara Barron at bbarron@bnpclaw.com
BARRON, NEWBURGER & SINSLEY, PLLC
1212 Guadalupe St., Suite 102
Austin, Texas 78701
Attorneys for Moss Codilis, LLP

__/s/ H. Anthony Hervol________________
H. Anthony Hervol
Attorney for Plaintiff