IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NAOMI E. BOLES, on behalf of herself and all others similarly situated, | § | |
| Plaintiff, | § | CASE NO. 5:10-CV-1003-XR |
| v. | § | |
| MOSS CODILIS, LLP and NATIONSTAR MORTGAGE, LLC, | § | |
| Defendants. | § | |

**DEFENDANT NATIONSTAR MORTGAGE LLC'S**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Nationstar Mortgage LLC ("Nationstar") files this Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and shows the Court as follows:

## I. Preliminary Statement

Plaintiff Naomi Boles purports to bring an alleged class action directly against Nationstar, one of the nation's leading mortgage servicers and lenders, seeking damages under the federal Fair Debt Collection Practices Act ("FDCPA") and an injunction under the Texas Debt Collection Act ("TDCA"). On February 15, 2011, Nationstar filed a Motion to Dismiss Plaintiff's Original Complaint based on the lack of any allegations that could plausibly demonstrate Nationstar is a "debt collector" under the FDCPA or TDCA. Recognizing that her Original Complaint was indeed deficient, Plaintiff filed an Amended Complaint on February 28, 2011, attempting to add new allegations as to Nationstar's activities in the mortgage industry (Dkt. 16). But even under Plaintiff's amended allegations, she has not and does not show that

Nationstar committed any violation under the FDCPA or TDCA against her directly, precluding both her direct claim and her standing to bring a class action against Nationstar.

Plaintiff's claims are based solely on one equivocal sentence[1] made in substantively identical letters sent to her by named Defendant Moss Codilis LLP ("Moss Codilis"), the first of which was dated over two years ago, giving Plaintiff notice of default under a home equity loan. Collectively, the letters sent to Plaintiff and attached as Exhibit 1 to the Amended Complaint are referred to as the "Boles Letters," and the form of the letter is referred to as the "Default Letter." The Boles Letters were not sent to Plaintiff from Nationstar, and do not purport to be sent to Plaintiff by Nationstar. Thus, Plaintiff cannot state a claim directly against Nationstar, and does not have standing to bring a class action against Nationstar on behalf of others. Moreover, Plaintiff cannot save her claim by her conclusory allegation that Moss Codilis is Nationstar's "agent." First, vicarious liability under the FDCPA and the TDCA does not apply. Second, even if vicarious liability did apply, Plaintiff has failed to set forth anything more than conclusory allegations and has not alleged a plausible claim that Nationstar is a "debt collector" such that it could be vicariously liable.

Further, the FDCPA imposes a one-year statute of limitations. The first of the substantively-identical Boles Letters was sent in February 2009, well over one year before the Original Complaint was filed. Because the claimed FDCPA violation arising from the sentence in the Boles Letters is exactly the same in each of these letters, even if Plaintiff could show that Nationstar were a "debt collector" with respect to the Boles Letters (which she cannot), Plaintiff's FDCPA cause of action would still be time-barred as a matter of law and she would

[1] "If you voluntarily surrender possession of the collateral specified herein, you could still owe additional monies after the money received from the sale of the collateral is deducted from the total amount you owe."

not have standing to raise claims of other putative class members for this additional, independent reason. Moreover, the one, lone letter on Nationstar letterhead that Plaintiff attaches to her Amended Complaint (which was ***not*** sent to Plaintiff) is dated well before the one-year statute of limitations date and also cannot support a class action.

For these reasons, the Amended Complaint must be dismissed.

## II. Legal Standard

A complaint must be dismissed when the allegations fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Supreme Court has clarified that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, a complaint must contain "enough *facts* to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570) (emphasis added). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (internal quotations omitted); *see also id.* at 1951 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting FED. R. CIV. P. 8(a)(2)).

Courts must follow a two-step process when evaluating whether a complaint satisfies the pleading rules. First, the trial court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth" and disregard them when taking factual allegations as true. *Iqbal*, 129 S. Ct. at 1950. Second, when the court is left with the "nub" of the complaint after legal conclusions have been disregarded, the court should

determine whether the remaining allegations "state[] a plausible claim for relief." *Id.* Here, Plaintiff's Amended Complaint fails to meet the required standard to state a claim.

In addition, a plaintiff must show "a causal connection between the injury and the conduct complained of" by the defendant in order to have standing under Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiff bears the burden of establishing these elements. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998). Failure to establish any one element deprives the federal courts of jurisdiction to hear the suit. *Id.* Where a plaintiff cannot show that she has any claim based on the actions of the defendant, she does not have standing to bring a putative class action. *See In re Fema Trailer Formaldehyde Prods. Liab. Litig.*, 570 F. Supp. 2d 851, 855 (E.D. La. 2008) (noting that in the Fifth Circuit "the general rule is that standing is an inherent prerequisite to the class certification inquiry"). Accordingly, where Plaintiff cannot state a claim directly against Nationstar, the class action claims she purports to bring in a representative capacity against Nationstar must also be dismissed. *See Audler v. CBC Innovis Inc.*, 519 F.3d 239, 248 (5th Cir. 2008) ("Because no class has been certified and because … [plaintiff's] direct claims must be dismissed, he cannot serve as the representative of any properly certified class."); *Faircloth v. Fin. Asset Secs. Corp. Mego Mortg. Homeowner Loan Trust*, 87 Fed. Appx. 314, 318 (4th Cir. 2004) (dismissing potential class claims where lead plaintiff's direct claims were dismissed on limitations grounds).[2]

[2] *See also Villagran v. Central Ford, Inc.*, 524 F. Supp. 2d 866, 882 (S.D. Tex. 2007) (noting a lawsuit pleaded as a class action may be resolved by deciding a motion to dismiss or for summary judgment before class certification is decided and that this moots the question of class certification).

## III. Argument

### A. Plaintiff Cannot State a Claim Directly Against Nationstar for Statements Made by Moss Codilis.

Plaintiff purports to bring a direct claim against Nationstar for damages under the FDCPA and the TDCA for statements indisputably made by Moss Codilis. Plaintiff attaches 10 letters (with some duplicates) addressed to her that contain the allegedly objectionable sentence. Amended Complaint ("AC"), Ex. 1. Each one of these letters is on Moss Codilis letterhead and signed by "Moss Codilis LLP." In multiple instances the Boles Letters specifically note, moreover, that Nationstar is the "mortgage servicer." A mortgage servicer is not a debt collector (*see infra* pp. 8-9). Indeed, Nationstar is never alleged to have sent the purportedly offending debt collection letters to Plaintiff, nor to have made any assertions concerning a post-foreclosure sale deficiency or otherwise done anything other than send regular monthly mortgage statements to Plaintiff and hire a debt collection agency as part of its duties as a mortgage servicer.

The FDCPA and the TDCA permit a plaintiff to bring a claim against a debt collector that commits a deceptive or misleading collection practice against the plaintiff. 15 U.S.C. § 1692k ("[A]ny debt collector who fails to comply with any provision of this subchapter *with respect to any person* is liable to such person ….") (emphasis added); *see also id.* § 1692e ("A *debt collector* may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.") (emphasis added). Courts within the Fifth Circuit have rejected assertions of vicarious liability under the FDCPA. *See Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190-91 (S.D. Tex. 2007) ("[V]icarious liability has not been extended to lenders in the context of FDCPA claims."); *Freeman v. CAC Financial*, No. 3:04cv981, 2006 WL 925609, at *3 (S.D. Miss. Mar. 31, 2006) (noting that "the authority addressing the question of vicarious liability holds that a creditor who hires a debt collector is not vicariously liable for

the collector's FDCPA violations").[3] Texas courts also appear likely to follow the application of the FDCPA. *See Household Credit Servs., Inc. v. Driscol*, 989 S.W.2d 72, 83 (Tex. App.—El Paso 1998, pet. denied) (holding trial court erred in submitting a jury question that allowed a creditor to be held liable for the actions of a third party debt collector under agency principles).

The entirety of Plaintiff's allegations as to Nationstar concerning the Boles Letters amount to nothing more than: (1) Nationstar originated Plaintiff's mortgage; (2) Nationstar services Plaintiff's mortgage; and (3) Moss Codilis sent the Boles Letters in an attempt to notice Plaintiff as to her default on the mortgage obtained from Nationstar and serviced by Nationstar. Plaintiff does not allege any abusive debt collection practices by Nationstar against her, or that Nationstar has done anything to harm her (or even that Moss Codilis has done anything to harm her).[4] Because Plaintiff does not allege that Nationstar actually made any statements or conducted any actions in violation of the FDCPA or the TDCA, Plaintiff cannot state a claim under those statutes against Nationstar.

Further, Plaintiff alleges that "Nationstar *may have* itself composed the offensive letter and authorized and directed that it be sent by Moss Codilis under the letterhead of Moss Codilis." AC ¶ 13 (emphasis added). This is the epitome of a conclusory allegation. Permitting Plaintiff's claims to survive on this allegation alone is in direct contradiction to the Supreme

---

[3] *See also DeFazio v. Leading Edge Recovery Solutions, LLC*, No. 2:10-cv-02945-WJM-MF, 2010 WL 5146765, at *3 (D.N.J. Dec. 13, 2010) (granting motion to dismiss and finding defendant could not be vicariously liable for agent's statements; "the Complaint does not state the principal purpose of LVNV's business, how often LVNV collects debts due to third parties in its regular business practice, how long it has been doing so, etc."); *Scally v. Hilco Receivables, LLC*, 392 F. Supp. 2d 1036 (N.D. Ill. 2005) (holding buyer of credit card debt did not act indirectly when it hired a contractor to collect the debt and therefore was not a debt collector). Although some federal courts have held that where the principal itself is a "debt collector" under the FDCPA, vicarious liability may be applicable, *see, e.g.*, *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996), Plaintiff has not alleged sufficient *facts* to assert that Nationstar is a "debt collector" under the FDCPA, as shown below.

[4] Notably, Plaintiff does not allege a foreclosure or any transfer of her house, and it appears from the mortgage statements attached as Exhibit 4 to the Amended Complaint that Plaintiff has used the time since the first of the Boles Letters (over two years ago) to bring her loan back near compliance. Indeed, Plaintiff does not purport to allege any actual damages.

Court's recent pronouncements on Rule 12. *Iqbal*, 129 S. Ct. at 1951 ("[B]are assertions … amount to nothing more than a formulaic recitation of the elements … and are not entitled to be assumed true.") (quotation omitted); *Twombly*, 550 U.S. at 551 (holding allegations based "upon information and belief," without more, fail to provide sufficient facts "to state a claim to relief that is plausible on its face"). There are no facts alleged that would support a plausible assertion that Nationstar composed the Boles Letters. And even if it did (which it did not), this is simply another way of saying that Moss Codilis was Nationstar's agent. Plaintiff's conclusory allegations about this agency relationship cannot and do not assert a claim *directly* against Nationstar. The Boles Letters did not come from Nationstar, and indeed Plaintiff admits the Boles Letters were sent by Moss Codilis, ***not*** Nationstar. AC ¶ 7. Accordingly, Plaintiff cannot state a direct claim against Nationstar for any violation of the FDCPA or the TDCA.

**B. Plaintiff Cannot State a Claim Against Nationstar as a "Debt Collector."**

Moreover, even if vicarious liability did apply under the FDCPA and the TDCA, Plaintiff still cannot state a claim against Nationstar. The few courts that have applied vicarious liability to hold a third party liable for the statements of a separate debt collector have done so only against other "debt collectors," and Plaintiff's conclusory allegations are insufficient to allege that Nationstar is a debt collector. *See, e.g., Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996) ("We do not think it would accord with the intent of Congress, as manifested in the terms of the Act, for a company that is not a debt collector to be held vicariously liable for a collection suit filing that violates the Act only because the filing attorney is a 'debt collector.'"). Plaintiff's allegations concerning Nationstar's status as a debt collector center only on general statements taken out of context concerning Nationstar's actions as a mortgage servicer; one letter sent on Nationstar letterhead; and the fact that Nationstar has an independent

Debt Recovery Services group and has filed state bonds. But these allegations are conclusory and devoid of sufficient *facts* to support the allegation that Nationstar is a debt collector.

### *1. Plaintiff Does Not Allege Sufficient Facts to Demonstrate Nationstar is a Debt Collector Under the FDCPA.*

"Debt collector" is generally defined under the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In the Amended Complaint, Plaintiff does not allege that Nationstar's principal purpose of business is the collection of debts, but purports to allege that Nationstar is a debt collector under the "regularly collects" prong of this statute. AC ¶ 12. Plaintiff's amended allegations do not cure the insufficiency of her prior pleading, and still fail to state a claim.

Plaintiff alleges she "obtained a Texas home equity loan with Nationstar" in 2006 and that "Nationstar sold [Plaintiff's] loan to JPMorgan Chase Trust and contracted with JPMorgan Chase Trust to service the loan on [JPMorgan Chase Trust's] behalf. AC ¶ 6, 7. Plaintiff's allegations concern Nationstar's actions as a mortgage servicer, however, and such allegations are uniformly held to be insufficient to qualify Nationstar as a debt collector. Mortgage servicers are generally not considered "debt collectors" under the FDCPA. In fact, the Fifth Circuit has long held that a mortgage servicer that is a "bona fide mortgage servicing company" does not fall within the FDCPA's definition of "debt collector." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), *reh'g granted in part on other grounds*, 761 F.2d 237 (5th Cir. 1985); *id.* ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.") (citing S.Rep. No. 95-382, 95th

Cong., 1st Sess. 3). Indeed, the Fifth Circuit in *Perry* held that the FDCPA did not apply to a mortgage servicing company that had sold the plaintiff's mortgage loan to a mortgage association before default but continued to service the loan for the association. *Id.*; *see also Ramirez-Alvarez v. Aurora Loan Servs., LLC*, No. 01:09cv1306, 2010 WL 2934473, at *5 (E.D. Va. July 21, 2010) ("As [defendant] is a mortgage loan servicer which received the debt in question while it was not in default, the FDCPA does not apply in this situation.").

While a mortgage servicer may qualify as a debt collector if it services loans that were in default at the time they were acquired, there are no facts pled to that effect in the Amended Complaint. *See Brumberger v. Sallie Mae Servicing Corp.*, 84 Fed. Appx. 458, 459 (5th Cir. 2004) (per curiam) (affirming dismissal of FDCPA claim against student loan servicer because "[b]y its plain terms the FDCPA does not apply" absent an allegation that plaintiff "was in default at the time Sallie Mae began servicing his loans"). According to Plaintiff, Nationstar first alleged a default of Plaintiff's home equity loan in August 2008 (more than two years before this lawsuit was filed), but is not alleged to have made any objectionable statements to Plaintiff at that time. AC ¶ 7. Plaintiff then alleges that "[i]t is not presently known whether [Plaintiff's home equity] loan was transferred to JPMorgan Chase Trust before Nationstar first alleged a default in August 2008 (which is disputed) or after …." AC ¶ 6. As with Plaintiff's "may have" allegation in paragraph 13, this allegation is also insufficient to support a claim against Nationstar. Indeed, Plaintiff affirmatively admits in paragraph 6 that there are currently no *facts* that would show Nationstar began servicing her home equity mortgage after it went into default. As noted above, an allegation "upon information and belief" that the plaintiff might possibly be able to show something some day (or not) cannot state a claim for relief. *Twombly*, 550 U.S. 551 (holding allegations based "upon information and belief," without more, fail to provide sufficient

facts "to state a claim to relief that is plausible on its face"). Moreover, Plaintiff "dispute[s]" that she is in default under the home equity mortgage in the first place. AC ¶ 6. Accepting Plaintiff's allegation as true, Nationstar cannot qualify as a "debt collector" as a mortgage servicer with respect to Plaintiff's loan as a matter of law because (1) it is the mortgage servicer and (2) the loan is not in default.

In addition, to the extent Plaintiff is alleging Nationstar is a debt collector as an originating creditor, this also fails. Because a loan cannot be in default when it is created, an originating creditor necessarily falls within the definition of "creditor" and does not fall within the definition of "debt collector."[5] *See Marketic v. U.S. Bank Nat'l Ass'n*, 436 F. Supp. 2d 842, 854 (N.D. Tex. 2006) (finding lender not liable under FDCPA in connection with foreclosure action against home equity borrower where lender's principal business activity was not debt collection and the debt in question was owed to the lender itself). Indeed, Nationstar was dismissed from a separate lawsuit brought in federal court under the FDCPA based on the fact that it was the plaintiff's creditor. *Bates v. Novastar/Nationstar Mortgage LLC*, No. 1:08-CV-1443-TWT, 2008 WL 2622810 (N.D. Ga. June 24, 2008).

Plaintiff's allegations concerning the one letter sent by Nationstar to another person in 2009, as well as Nationstar's independent Debt Recovery Services group and certain bonds filed with the Texas Secretary of State, are also insufficient to qualify Nationstar as regularly collecting debts owed by others.[6] Such a claim requires a plaintiff to show the volume or

---

[5] The definition of "debt collector" specifically notes that it does not include "any person collecting or attempting to collect a debt" that "was originated by such person." 15 U.S.C. § 1692a(6)(F). Although a creditor may be a "debt collector" under certain circumstances, a creditor is not a debt collector where it is attempting to collect its original debt and has not attempted to disguise its name. *Id.*

[6] Plaintiff also points to monthly mortgage statements sent by Nationstar to Plaintiff, but if simply sending monthly mortgage statements made anyone a person whose principal purpose of business is to collect debts or a person who regularly collects the debts of others it would make every mortgage servicer a debt collector, which as shown above is improper.

frequency of debt collection activities. *See Brown v. Morris*, 243 Fed. Appx. 31, 35, 2007 WL 1879392, at *3 (5th Cir. 2007) ("Whether a party 'regularly' attempts to collect debts is determined, of course, by the volume or frequency of its debt-collection activities."); *Fouche' v. Shapiro & Massey L.L.P.*, 575 F. Supp. 2d 776, 784 (S.D. Miss. 2008) (noting that it is a defendant's general, not specific, activities that are determinative of whether that party is a debt collector). Plaintiff points to one letter sent by Nationstar (outside the one-year statute of limitations under the FDCPA), and posits that there must be more. But Plaintiff's supposition is not a factual allegation. *See Fouche'*, 575 F. Supp. 2d at 784 (noting focus is not on one particular transaction). And the mere fact that Nationstar may collect debts for others through its independent Debt Recovery Services group, and that it has filed bonds in Texas, says nothing about the volume or frequency of Nationstar's debt collection services. The conclusory allegation that Nationstar "regularly collects" debt owed to others, based on nothing more than these general statements and unsupported by any actual factual allegations as to Nationstar's business, is not sufficient to state a plausible claim that Nationstar is a debt collector. *See DeFazio v. Leading Edge Recovery Solutions, LLC*, No. 2:10-cv-02945-WJM-MF, 2010 WL 5146765, at *3 (D.N.J. Dec. 13, 2010) (dismissing complaint because "the Complaint does not state the principal purpose of LVNV's business, how often LVNV collects debts due to third parties in its regular business practice, how long it has been doing so, etc.").[7]

[7] Plaintiff previously attempted to plead a claim under § 1692f(6), which permits a separate definition of "debt collector." 15 U.S.C. § 1692a(f) (for purposes of § 1692f(6), the term "debt collector" "also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests"). Plaintiff has abandoned this claim in the Amended Complaint. AC ¶ 14 (purporting to state claims only under § 1692e(2), e(5), and e(10)); *see* Nationstar Motion to Dismiss at 7-8 (demonstrating that Plaintiff could not possibly state a claim under § 1692f(6)); *Smith v. IndyMac Fed. Bank, F.S.B.*, No. 1:10-CV-1348-TWT-CCH, 2010 WL 5490728, at *6 (N.D. Ga. Sept. 28, 2010) (recommending dismissal of complaint where plaintiff failed to allege that the principal purpose of defendant's business was the enforcement of security interests). Accordingly, Plaintiff cannot now cherry-pick and apply this ostensibly broader definition of "debt collector" to Nationstar.

Accordingly, even if vicarious liability were permitted under the FDCPA against other debt collectors, Plaintiff has not stated such a claim against Nationstar. And because Plaintiff cannot state a direct claim against Nationstar under the FDCPA, she also does not have standing to state a class action against Nationstar. *See Audler v. CBC Innovis Inc.*, 519 F.3d 239, 248 (5th Cir. 2008) ("Because no class has been certified and because … [plaintiff's] direct claims must be dismissed, he cannot serve as the representative of any properly certified class.").

***2. Nationstar Also Cannot Be Held Liable as a Debt Collector Under Texas Law.***

In addition to the claims under the FDCPA, Plaintiff also purports to bring a claim under the TDCA, solely for injunctive relief.[8] The TDCA defines "debt collector" as "a person who directly or indirectly engages in debt collection." TEX. FIN. CODE § 392.001(6). This Court has recently recognized that in order "[t]o prevail under the Texas Debt Collection Act, 'the claimant must prove that the defendant was a debt collector.'" *Garza v. Sallie Mae, Inc.*, SA-10-CV-510-XR, 2010 WL 3784197, at *2 (W.D. Tex. Sept. 21, 2010) (Rodriguez, J.) (quoting *Catherman v. First State Bank of Smithville*, 796 S.W.2d 299, 302 (Tex. App.—Austin 1990, no writ))

As with her claims under the FDCPA, Plaintiff has not alleged any action by Nationstar as to Plaintiff directly that would qualify Nationstar as a "debt collector" under the TDCA. *See id.* (dismissing complaint because plaintiff did not allege that the defendant "was a 'debt collector' engaged in 'debt collection'"). Plaintiff has added a single conclusory allegation in the Amended Complaint attempting to meet the standard for alleging Nationstar as a debt collector under the TDCA. Specifically, in paragraph 20, Plaintiff alleges that "Nationstar is also a 'debt

---

[8] The FDCPA does not provide for equitable relief. *See Bates v. Novastar/Nationstar Mortgage LLC*, 2008 WL 2622810, at *6 (N.D. Ga. June 24, 2008) ("[The FDCPA] does not make even the slightest reference to the possibility of equitable relief for private claimants."); *see also Bolin v. Sears Roebuck & Co.*, 231 F.3d 970, 977 n.39 (5th Cir. 2000) ("[A]lthough this circuit has not definitively ruled on the issue, courts uniformly hold that the FDCPA does not authorize equitable relief.").

collector' as defined by the TDCA because it directly or indirectly engages in debt collection, i.e., it regularly engages in action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor and others." AC ¶ 20. But this bare conclusory allegation is not sufficient to allege that Nationstar is a debt collector as to Plaintiff's direct claim. *See Garza*, 2010 WL 3784197, at *2 (dismissing claim under TDCA based on similar conclusory allegation). Plaintiff does not allege that Nationstar sent the default letter, or any similar letter, or even that Nationstar made any communications whatsoever to Plaintiff. Plaintiff cannot simply rely on her same conclusory allegations that fail to plead Nationstar is a debt collector under the FDCPA.[9] Accordingly, Plaintiff's claim for injunctive relief under the TDCA must be dismissed for the failure to state a direct claim against Nationstar. And because Plaintiff lacks standing, the putative class action against Nationstar must be dismissed as well.

**C. Plaintiff's Direct Claims Against Nationstar Under the FDCPA are Time-Barred.**

Plaintiff's direct claim under the FDCPA should also be dismissed because it is time-barred under statute of limitations, based on the affirmative representations in the Amended Complaint and the Boles Letters. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."). The statute of limitations to bring a claim under the FDCPA is one year. 15 USC § 1692k(d). Here, the Original Complaint was filed December 14, 2010. Thus, any claim under the FDCPA must have accrued on or after December 14, 2009. *See Mattson v. U.S. W.*

[9] In addition, for the same reasons that Nationstar cannot be a "debt collector" under the FDCPA, Nationstar also cannot qualify as a "third party debt collector" under the TDCA, as that term is defined to be equivalent to a "debt collector" under the FDCPA. TEX. FIN. CODE § 392.001(7).

*Commc'ns, Inc.*, 967 F.2d 259, 261-62 (8th Cir. 1992) (statute of limitations in FDCPA cases expires one day before the anniversary date of the violation).

All but one of the Boles Letters are dated prior to December 14, 2009. Indeed, the first of the Boles Letters is dated February 2, 2009. Plaintiff is therefore precluded from relying on any purported violations arising from the letters dated prior to December 14, 2009. In addition, the one letter to Plaintiff purportedly sent within the one-year limitations period (dated January 4, 2010) is substantively identical to the other, time-barred letters. As these letters are alleged to have violated the FDCPA in exactly the same way, based on the exact same allegedly offending sentence, the statute of limitations for this purported FDCPA claim begins with the first letter and is not renewed with each new letter. *See Fraenkel v. Messerli & Kramer*, No. Civ. 04-1072JRTFLN, 2004 WL 1765309, at *4 (D. Minn. July 29, 2004) ("New communications ... concerning an old claim ... [do] not start a new period of limitations.") (alterations in original) (quotations omitted). Even where the final alleged violation occurs within the statute of limitations period, if that alleged violation is simply a restatement of a previous statement occurrring outside the limitations period, the claim should be barred. *Id.* (granting motion to dismiss where defendant sent two demand letters outside the limitations period and filed state court complaint that restated the same alleged violation within one year of plaintiff's FDCPA filing); *see also Wilhelm v. Credico, Inc.*, 455 F. Supp. 2d 1006, 1009 (D.N.D. 2006) (finding that limitations for all the alleged acts began when the debtor disputed the demand letter, not each time the creditor reported the debt to credit-reporting entities).[10]

[10] Cases holding that a "continuing violation" would support a plaintiff bringing a claim based on later repeated statements would permit a cause of action to "be kept alive indefinitely because each new communication would start a fresh statute of limitations." *Kirscher*, 2006 WL 145162, at *4. This is not proper under the FDCPA, which has a deliberately short statute of limitations and is not subject to the discovery rule. *See Archer v. Nissan Motor Acceptance Corp.*, 550 F.3d 506, 509 (5th Cir. 2008) (holding discovery rule does not apply "to statutes that

For the same reasons, Plaintiff cannot rely on one letter purportedly sent on Nationstar letterhead to another consumer on November 24, 2009 in order to allege a violation of the FDCPA by Nationstar in a class action context. Plaintiff has not properly alleged that Nationstar sent any letters with the allegedly offensive language within the one-year limitations period under the FDCPA. Plaintiff therefore lacks standing to bring a class action both because she does not have a direct claim and also because she has not shown any claim on behalf of any other consumers. Because Plaintiff's claim is time barred based on the allegations and exhibits in the Amended Complaint, Plaintiff cannot state a claim under the FDCPA.

## IV. Conclusion

Nationstar cannot be held liable as a debt collector under the FDCPA or the TDCA, and even if it could, Plaintiff's FDCPA claim is time barred. Accordingly, Nationstar's Motion to Dismiss should be granted and Plaintiff's claims against Nationstar dismissed.

---

key the start of the limitations period to 'the date of the occurrence of the violation.'"); 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought ... within one year from the date on which the violation occurs.") (emphasis added).

Respectfully submitted,

/s/ Lisa S. Gallerano

Lisa S. Gallerano
lgallerano@akingump.com
Texas Bar No. 07589500
Patrick G. O'Brien
pobrien@akingump.com
Texas Bar No. 24046541
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201
Telephone: 214.969.2800
Facsimile: 214.969.4343

ATTORNEYS FOR DEFENDANT
NATIONSTAR MORTGAGE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2011, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record in this case who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Patrick G. O'Brien