**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **NAOMI E. BOLES,** | § | |
| **on behalf of herself and all others** | § | |
| **similarly situated,** | § | |
| | § | **CIVIL ACTION NO.** |
| **PLAINTIFF,** | § | |
| | § | |
| | § | **5:10-cv-01003-XR** |
| **VS.** | § | |
| | § | |
| **MOSS CODILIS, LLP and** | § | **JURY TRIAL DEMANDED** |
| **NATIONSTAR MORTGAGE, LLC** | § | |
| | § | |
| **DEFENDANTS** | § | |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**
**FILED BY DEFENDANT NATIONSTAR MORTGAGE, LLC (Doc. 29)**

**TO THE HONORABLE XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE**:

Now comes Naomi E. Boles, Plaintiff herein, on behalf of herself and all others similarly situated, who responds to the second 12(b)(6) Motion to Dismiss filed herein by Nationstar Mortgage, LLC (hereinafter "Nationstar") (Doc. 29), as follows:

## <u>LEGAL STANDARD</u>

1. Plaintiff concurs with the general discussion of *Twombly*[1] and *Iqbal*[2] set forth in Nationstar's Motion to Dismiss, but disagrees with Nationstar's application of those standards to her First Amended Complaint filed herein. In a case decided last year, *Swanson v. Citibank, N.A.*, 614 F.3d 400, 2010 U.S. App. LEXIS 15761 (7th Cir. 2010), a panel on the Seventh Circuit Court of Appeals considered the meaning of the *Twombly*, *Iqbal* and *Erickson*[3] decisions in the

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).
[2] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).
[3] *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

context of Rule 12 motions. The Court first noted:

> "It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law. *Cf. Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), disapproved by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("after puzzling the profession for 50 years, this famous observation [the 'no set of facts' language] has earned its retirement"). The question with which courts are still struggling is how much higher the Supreme Court meant to set the bar, when it decided not only *Twombly*, but also *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). This is not an easy question to answer, as the thoughtful dissent from this opinion demonstrates. On the one hand, the Supreme Court has adopted a "plausibility" standard, but on the other hand, it has insisted that it is not requiring fact pleading, nor is it adopting a single pleading standard to replace Rule 8, Rule 9, and specialized regimes like the one in the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(2). Critically, in none of the three recent decisions--*Twombly*, *Erickson*, *or Iqbal*--did the Court cast any doubt on the validity of Rule 8 of the Federal Rules of Civil Procedure. To the contrary: at all times it has said that it is interpreting Rule 8, not tossing it out the window." *Id.* at 5-6.

With respect to the Supreme Court's "plausibility" standard enunciated in *Iqbal*, the Seventh Circuit noted:

> "'Plausibility' in this context does not imply that the district court should decide whose version to believe, or which version is more likely than not. Indeed, the [Supreme] Court expressly distanced itself from the latter approach in *Iqbal*, "the plausibility standard is not akin to a probability requirement." 129 S. Ct. at 1949 (quotation marks omitted). As we understand it, the Court is saying instead that the plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen. For cases governed only by Rule 8, it is not necessary to stack up inferences side by side and allow the case to go forward only if the plaintiff's inferences seem more compelling than the opposing inferences." *Id.* at 7-8.

## NATIONSTAR IS AN FDCPA DEBT COLLECTOR

2. Turning to the case at hand, Nationstar devotes most of its latest 12(b)(6) Motion to the argument that Plaintiff's claims against it must be dismissed because Plaintiff has allegedly not proven her case that Nationstar is a "debt collector" as defined by the Federal Fair Debt Collection Practices Act ("FDCPA"). This, of course, is not the standard at this stage of the

proceedings. A motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6) is not to be used to resolve factual disputes or the merits of the case. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A motion to dismiss is to be used to test the formal sufficiency of the plaintiff's statement of its claim for relief. *Id.* Plaintiff has pled more than enough facts to support her allegation that Nationstar is a "debt collector" as defined by the FDCPA.[4]

3. The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, ***or who regularly collects or attempts to collect, directly or indirectly, debs owed or due or asserted to be owed or due another***." 15 U.S.C. §1692a(6) (*emphasis added*). Plaintiff asserts and has pled that Nationstar regularly collects or attempts to collect debts owed or alleged to be owed to another. The statute also states, in relevant part, that the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent that such activity: (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement or (ii) concerns a debt that was originated by such person [or] (iii) concerns a debt which was not in default at the time it was obtained by such person . . . " 15 U.S.C. §1692a(6)(F)(i)-(iii). In its latest Motion to Dismiss, Nationstar appears to be arguing that since it might not be a "debt collector" in some instances by virtue of §1692a(6)(F)(i)-(iii) (a matter which, incidentally, should require actual proof rather than simply the argument of attorneys), it is exempt from the FDCPA in *all instances*. Plaintiff disagrees with this argument, and, as further explained below, so does the Fifth Circuit: "We therefore hold that a party who satisfies *1692a(6)'s* general definition of a

[4] Both Nationstar and Moss Codilis have, after Plaintiff responded to the first round of motions to dismiss, apparently abandoned their arguments that as a matter of law the language in the letter that is the subject of this suit is not false, misleading or deceptive. *Cf* Motion to Dismiss (Doc. 9), Motion to Dismiss (Doc. 10) and Response (Doc. 17).

"debt collector" is a debt collector for the purposes of the entire FDCPA even when enforcing security interests."[5]

4. Nationstar alleges that Plaintiff's averments in her Amended Complaint that Nationstar is a debt collector constitute nothing more than a "conclusory allegations." However, to the contrary, Plaintiff pled far more that what could even remotely be considered a "naked allegation" that Nationstar was a debt collector. Plaintiff has pled the following facts, which she believes at this stage of the proceeding should be accepted as true:

- That Nationstar represents to its clients and anyone reading its website, that "Our independent ***Debt Recovery Services*** group increases cash flow ***by collecting on charged-off debts, deficiency balances, deficiency notes, and other unsecured debt.*** " (*emphasis added*)
- That Nationstar represents itself to be " ***a licensed debt collector in all 50 states"*** *(emphasis added)*;
- That Nationstar solicits business for third part debt collection in all 50 states;
- That Nationstar's "loss prevention (collections) department controls delinquent account resolution and loss mitigation, while the default management unit handles foreclosure tasks, bankruptcy tasks and REO";
- That there are 227 employees in Nationstar's collection department;
- That there are another 190 employees in Nationstar's loss prevention department;

[5] *Kaltenbach v. Richards*, 464 F. 3d 524, 529 (5th Cir. 2006). The reference to "even when enforcing security interests "refers to the FDCPA's exclusion from most provisions of the FDCPA for those who engage only in enforcement of security interests (e.g. repossession companies) as opposed to debt collection.

- That Nationstar's "collection group directs calling campaigns with its auto-dialer and supplements the campaigns with manual efforts for more serious delinquencies";
- On its monthly mortgage statements and the annual escrow account disclosure statements that it sends to its customers, Nationstar identifies itself as a debt collector, and states that "[t]his is an attempt to collect a debt and any information obtained will be used for that purpose";
- Nationstar has posted with the Texas Secretary of State two separate "third party debt collector" bonds, required only of those debt collectors who collect debts for others;
- Nationstar mails out to its customers on its own letterhead the very same form of letter that was sent to Ms. Boles and identifies itself as a debt collector in such form letter;
- Nationstar has training programs for its employees with an extensive focus on the Fair Debt Collection Practices Act."

5. Nationstar argues[6] that there no facts pled to support the allegation that it "regularly" collects debts. However, if Nationstar does not regularly collect debts, then why does it have 227 people working in its collection department and another 197 more in its workout department? If it does not regularly collect debts, then why has it purchased third party debt

[6] Nationstar relies on one case, *DeFazio v. Leading Edge Recovery Solutions, LLC* 2010 WL 5146765 (D. N.J. 2010), which has never been cited by another court, in which the court dismissed a pleading *without prejudice* to re-plead, with the judge suggesting some examples of what the Plaintiff might plead to cure the alleged defects. While the case says what it says, the "facts" that the court suggested could be pleaded actually could not be pled in good faith absent discovery or access to a former employee or insider. In fact, the suggested "facts" where not included in the amended complaint filed in the case, which continues today. No. 2:10-cv-02945-WJM (D.N.J.). Ms. Boles is not a former employee or insider of Nationstar. *Cf Brown v. Morris*, 243 Fed Appex. 31, 35, (5th Cir. 2007) (Jury decided whether person "regularly" collects debts).

collector bonds in Texas and become licensed as a debt collector in all 50 states? If it does not regularly collect debts, then why did it use the same form letter that Moss Codilis uses and why does it consistently appear to represent to its customers that it is a debt collector. Finally, why does Nationstar represent to prospective clients on its website that it is a debt collector? Plaintiff suggests that the simple answer to these questions are that Nationstar really is a debt collector, but it chooses not to admit it for the purpose of attempting to be released from this case.

6. While *Twombly* and *Iqbal* created the standard to be employed by District Court's in considering 12(b)(6) Motion, neither case requires the Court to ignore carefully drafted pleadings simply because a Defendant chooses to characterize an allegation as "conslusory."[7] To the contrary, the United States Supreme Court noted that the District Court is encouraged to use its "judicial experience and common sense" when reviewing the pleadings subjected to a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct at 1950. If, as Plaintiff alleges (and which must be taken as true), Nationstar has 417 (227+190) employees responsible for collecting debts, is licensed in all 50 states as a debt collector, has posted debt collectors bonds, solicits debt collection business on the internet, and continually labels itself as a debt collector, Plaintiff respectfully submits that she has stated more than enough facts to make it "plausible" (if not established as a matter of law) that Nationstar is a debt collector under the FDCPA.

7. Even if the primary business of a company is not the collection of debts owed to others, a company can still be a debt collector under the FDCPA if it regularly collects debts owed to others. For example, another major mortgage servicer, Countrywide Home Loans, was recently found to be regularly collecting debts even thought its debt collection business comprised only .21% of its total business. *Carter v. Country Wide Home Loans, Inc.*, 2009 U.S.

[7] Nor did *Twombly* or *Iqbal* abolish Fed. R. Civ.P. 26-37 concerning discovery procedures in civil cases.

Dist LEXIS 75247, *26-30 (E.D. Va. 2009). After analyzing many other cases, the district court in Virginia found that "regularly collecting debts" means the quantity or numbers of occasions of debt collection, rather than the percentage of debt collection compared to the size of the overall operations of Countrywide's business. *Id*. *See also*, *Garrett v Derbes*, 110 F. 3d 317318 (5th Cir. 1997) ("Thus, a person may regularly render debt collection services, even if these services are not a principal purpose of his business. Indeed, if the volume of a person's debt collection services is great enough, it is irrelevant that these services only amount to a small fraction of his total business activity; the person still renders them regularly."); *Hester v. Graham, Bright & Smith, P.C.*, 289 Fed. Appx. 35, 42 ((5th Cir. 2008) (same). Further, in determining whether a party is a "debt collector," the focus "is not on the events of the particular transaction but on the principal purpose of the defendant's business and/or the defendant's regular activities." *Stamper v. Wilson* & Associates, PLLC 2010 U.S. Dist LEXIS 31770 (E.D. Tenn. 2010), *citing Overton v. Foutty & Fourtty, LLP*, 2007 U.S. Dist. LEXIS 61705, 2007 WL 2413026, at *4 (S.D. Ind. Aug. 21, 2007).

8. In its Motion, Nationstar also half-heartedly raises another argument already rejected by the Fifth Circuit Court of Appeals. Nationstar argues that the carve out of "mortgage servicers" set forth in §1692a(6)(F) makes it exempt from all of the provisions of the FDCPA. However, the Fifth Circuit has held that a debt collector who might be exempt under one section of the FDCPA might still be liable under other sections of the FDCPA if it otherwise meets the general definition of a debt collector under §1692a(6). *Kaltenbach v. Richards*, 464 F. 3d 524, 527- 529 (5th Cir. 2006). In *Kaltenbach*, court stated that by the plain reading of the FDCPA, a person whose business has the principal purpose of only enforcing security interests and who otherwise does not satisfy the general definition of a debt collector is excluded from all

provisions of the statute by one section of the FDCPA, being §*1692f(6).* Significantly, however, the Fifth Circuit also held that "a party who satisfies *1692a(6)'s* general definition of a "debt collector" is a debt collector for the purposes of the entire FDCPA even when enforcing security interest [an activity that would otherwise be excluded from the coverage of the FDCPA, except for section 1692f(6)]". In the context of these cases then, Plaintiff asserts that Nationstar meets the definition of a "debt collector" under §1692a(6) because it regularly collects debts owed to others, even though a part (and maybe even a large part) of its business may be servicing mortgage debts in a fiduciary capacity, or servicing debts acquired before such debts went into default, or even debts which were actually originated by Nationstar. A simple reading of Nationstar's website (and Plaintiff's Amended Complaint) lends strong support to Plaintiff's contention that Nationstar regularly collects debts for others, and regularly collects debts after they have come into default. Under the holdings of *Kaltenbach* and *Countrywide* then, Nationstar is an FDCPA debt collector for all purposes.[8] Further, it is worth noting that the only purpose for which Plaintiff seeks to impose FDCPA liability on Nationstar is through the legal theory of vicarious liability, which makes Nationstar liable for the actions of its agent, Moss Colilis.

**<u>NATIONSTAR IS VICARIOUSLY LIABLE FOR THE ACTS OF MOSS CODILIS</u>**

9. In this case (and contrary to what Nationstar characterizes Plaintiff's claims to be), Plaintiff does not make any FDCPA claims directly against Nationstar.[9] Instead, Plaintiff asserts that because Nationstar is a debt collector as defined by the FDCPA, §1692a(6), it is

[8] Nationstar may argue that the Court should look at Plaintiff's particular transction to determine whether Nationstar is a FDCPA debt collector with respect to Plaintiff. This argument was also rejected in *Kaltenbach* at 529, "a party's general, not specific, debt collection activities are determinative of whether they meet the statutory definition of a debt collector."

[9] This renders moot Nationstar's arguments in Section III A , pp.5-7 of its Motion to Dismiss. Nationstar also argues that "to the extent Plaintiff is alleging Nationstar is a debt collector as an originating creditor, this also fails." (Motion To Dismiss, p. 10). Plaintiff makes no such allegation, so this portion of Nationstar's brief is also moot.

vicariously liable for the FDCPA violations committed by its agent and attorney/debt collector Moss Codilis. This is not a novel theory, but is instead based upon long established law under the FDCPA. *See generally, Martinez v. Albuquerque Collections Servs*, 867 F. Supp. 1495, 1502 (D.N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct); *17 Am. Jur. 2d Consumer Protection § 200* (1990) (debt collector liable for its attorney's conduct because otherwise collector could evade the FDCPA by hiring attorney to do what it could not do); *Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507, 1516 (9th Cir. 1994)* (after repeal of attorney exemption, debt collector still liable under the FDCPA for its attorney's conduct; otherwise the venue provision superfluous for the first nine years of its operation); *Kimber v. Fed. Fin. Corp., 668 F. Supp. 1480, 1486 (M.D. Ala. 1987)* (while attorney exemption intact, debt collector liable under the FDCPA for its attorney's violations); *West v. Costen, 558 F. Supp. 564, 573 (W.D. Vir. 1983)* (creditor corporation liable under the FDCPA for the acts of its independent collection agents"). Nationstar does not appear to dispute this legal principle, however, it seeks to escape its consequences by simply claiming that it is not a debt collector.

10. Nationstar also alleges that Plaintiff's allegations concerning Moss Codilis being its agent are conclusory allegations. However, just as before, simply calling a statement a conclusory allegation does not make it one. In her Amended Complaint, Plaintiff alleges that Moss Codilis (which is a law firm according to the letter attached as Exhibit 1 to the Amended Complaint) is an agent for Nationstar, that Nationstar authorized the sending of the illegal letter to Ms. Boles and the class members, and that the sending of the letters was within the scope of the agency. Plaintiff also alleges that, in fact, Moss Codillis did send the form letter to Ms. Boles and that she received them on multiple occasions. The subject letter itself is attached as Exhibit

"1" to the Amended Complaint and it discloses the agency relationship between Moss Codilis and Nationstar. The letter states that Nationstar authorized the sending of the letter, and that Nationstar is the client of the law firm Moss Codilis. The Amended Complaint also alleges that Nationstar is "carbon copied" on each and every such letter, evidencing that the agent is reporting to the principal that the principal's instructions have been carried out as instructed. Those pleaded facts are sufficient to put Nationstar on notice that Plaintiff is claiming that Moss Codilis is the agent for Nationstar.[10] *Ashcroft v Iqbal*, 129 S.Ct at 1949-50 (A motion to dismiss under Rule 12(b)(6) is appropriate only if the plaintiff has not provided fair notice of its claim and factual allegations that, when accepted to as true, are plausible and rise above mere speculation). Plaintiff's Amended Complaint contains far more than bare allegations of agency.

11. Plaintiff does make one direct claim against Nationstar, and that claim is for injunctive relief pursuant to the Texas Debt Collection Act. Unlike the FDCPA, the TDCA is *applicable to both creditors collecting their own debts*, called "debt collectors" *and to those who collect debts for others*, called "third party debt collectors". Tex. Fin. Code §392.001(6), (7). Plaintiff alleges that the same facts that make Nationstar an FDCPA debt collector (227 employees in its collections department, third party debt collectors bonds, solicitation of debt collection business, etc…) also make Nationstar a debt collector under the TDCA. The TDCA has no "mortgage servicer" exemption. In this case, as in most attorney-client relationships, the principal (Nationstar) instructs its agent (Moss Codilis) when and to whom to send the letter. Plaintiff seeks an injunction to prevent Nationstar from instructing Moss Codils to send letters containing the misrepresentation of facts and law contained in the letter that is the subject of this case. Finally, even if Nationstar were not a third party debt collector under the TDCA, it is most

[10] Plaintiff also alleges that Nationstar ratified the conduct of Moss Codilis, which Nationstar does not contest in its motion to dismiss.

certainly a "debt collector" as defined under the TDCA, and Plaintiff has pled facts sufficient to state her claim in this regard.

## STATUTE OF LIMITATIONS

12. Nationstar finally moves to dismiss Plaintiff's Amended complaint because it claims that the statute of limitations on Plaintiff's FDCPA claims has run. As for Plaintiff's TDCA claim, Nationstar correctly points out that injunctive relief is not available under the FDCPA, but is available under the TDCA. Plaintiff has asserted against both Defendants a claim for injunctive relief pursuant to the TDCA. Plaintiff maintains that the statute of limitations under the TDCA is four years. Tex. Civ. Prac. & Rem. Code §16.051.[11] This case was filed on December 14, 2010, and, as such, any claim made under the TDCA must have accrued on or before December 14, 2006. Therefore, even if Nationstar believes that it is being sued for the letter it sent under its own letterhead and which letter was attached to the Amended Complaint as Exhibit "2", then Plaintiff's TDCA claim is timely made.

13. Nationstar also argues that since the same misrepresentation was made so many times to Ms. Boles that the statue of limitations should run from the first misrepresentation rather than the most recent misrepresentation. For this proposition, Nationstar relies on *Fraenkel v Messerli & Kramer*, 2004 WL 1765309 (D. Minn. July 29, 2004). Just a few months ago the *Fraenkel* case was criticized, distinguished and its holding rejected in an exhaustive opinion by the Honorable Judge Lee Rosenthal of the Southern District of Texas, in *Arvie v. Dodeka,* 2010 U.S. Dist LEXIS 113306 (S.D. Tex. Oct. 25, 2010). Following the approach of "the vast

[11] CPRC 16.051 states" Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues". The TDCA does not contain an express limitations period. Plaintiff can locate no Texas cases making a finding on the statute of limitations under the TDCA; however, one federal case has held that the TDCA statute of limitations is 2 years, citing CPRC 16.033 which governs personal injury and death actions. *Valdez v. Capital Mgmt. Servs., LP,* 2010 U.S. Dist. LEXIS 121483, 2010 WL 4643272 *1 n.3 (S.D. Tex. 2010).

majority" of courts, Judge Rosenthal held that collection letters received by the debtor within the one year statute of limitations were actionable, while other letters received outside the one-year statute of limitations were barred. *Id* at *28-33. In rejecting the same argument made in this case by Nationstar, Judge Rosenthal noted:

> "'The vast majority of federal cases that have considered the issue' have found that '[f]or statute-of-limitations purposes, discrete violations of the FDCPA should be analyzed on an individual basis.' (*citing* Solomon, 2010 U.S. App. LEXIS 16659, 2010 WL 3069699, at *3 & n.3); *see also* Purnell v. Arrow Fin. Servs., LLC, 303 F. App'x 297, 301-02 (6th Cir. 2008); Brandon v. Fin. Ac-counts Servs. Team, Inc., 701 F. Supp. 2d 990, 995 (E.D. Tenn. 2010); Craig v. Meyers, No. C-1-09-31, 2009 U.S. Dist. LEXIS 96912, 2009 WL 3418685, at *4 (S.D. Ohio Oct. 19, 2009); Ehrich v. RJM Acquisitions LLC, No. 09 CIV. 2696(BMC)(RER), 2009 U.S. Dist. LEXIS 113929, 2009 WL 4545179, at *2 (E.D.N.Y. Dec. 4, 2009); Jones v. Baugher, 689 F. Supp. 2d 825,829-30 (W.D. Va. 2010); McCorriston v. L. W.T., Inc., 536 F. Supp. 2d 1268,1272 (M.D. Fla. 2008); Murphy, 2007 U.S. Dist. LEXIS 2929, 2007 WL 148823, at *3; Ortiz v. Accounts Receivable Mgmt., Inc., No. 09-80124-CIV, 2010 U.S. Dist. LEXIS 20944, 2010 WL 547910, at *2 (S.D. Fla. Feb. 12, 2010); [*29] Pittman, 969 F. Supp. at 611;Puglisi v. Debt Recovery Solutions, LLC, No. 08-CV-5024, 2010 U.S. Dist. LEXIS 6120, 2010 WL 376628, at *3 (E.D.N.Y. Jan. 26,2010); Tucker, 2009 U.S. Dist. LEXIS 3962, 2009 WL 151669, at *4. This court adopts the majority approach." *Id.* at 28-29.

## CONCLUSION

14. In this case, discovery will reveal the full truth about Nationstar's business practices, but if Nationstar is soliciting third party debt collection business through its website (i.e. the collection of "charged-off debts, deficiency balances, deficiency notes, and other unsecured debt" owed to others), it is probably marketing its services in many other ways and it is probably successful in its marketing efforts. Plaintiff believes that discovery will show that Nationstar acquires or contracts to collect debts owed to others that are alleged to be in default and attempts to collect those debts for a large number of clients, each with a large number of debts allegedly owed. In other words, Plaintiff believes based upon Nationstar's self described third party debt collection expertise, that Plaintiff will be able to prove that Nationstar regularly collects debts owed to others independent from its normal mortgage serving operations, and

therefore it is a "debt collector" as defined by the FDCPA and a "third party debt collector" as defined by Texas Finance Code §392.001(7) (which also explains why Nationstar has filed third party debt collector bonds in the State of Texas). Plaintiff should be allowed to conduct discovery in order to look behind the representations Nationstar makes to the public, and to challenge Nationstar's completely contrary representations made to this Court. Under these circumstances, Nationstar should not be allowed to escape liability before discovery is even permitted, merely because of its own conclusory allegations which are thoroughly contradicted by Nationstar's own statements made to its customers, the Secretary of State, and the world at large.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, on behalf of herself and all others similarly situated, prays that the Court deny the Motion to Dismiss (Doc. 29) filed by Defendant Nationstar Mortgage, LLC. Plaintiff further prays for general relief.

Dated this 5th day of April, 2011.

Respectfully submitted,

**LAW OFFICE OF H. ANTHONY HERVOL**
4414 Centerview Drive, Suite 200
San Antonio, Texas 78228
Telephone: (210) 522-9500
Facsimile: (210) 522-0205
hervol@sbcglobal.net

By: /s/ *H. Anthony Hervol*___________________
H. ANTHONY HERVOL
State Bar No. 00784264

**BINGHAM & LEA, P.C.**
319 Maverick Street
San Antonio, Texas 78212
Telephone: (210) 224-1819
Facsimile: (210) 224-0141
ben@binghamandlea.com

By: /s/ *Benjamin R. Bingham*_________________
BENJAMIN R. BINGHAM
State Bar No. 02322350

**Attorneys for Plaintiff, Naomi E. Boles,** on behalf of herself and all others similarly situated

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves e-mail notification of such filing to the following counsel of record on this 5th day of April, 2011.

Lisa S. Gallerano at lgallerano@akingump.com
Patrick G. O'Brien at pobrien@akingump.com
AKIN GUMP STRAUSS HAUER &FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201
***Attorneys for Nationstar Mortgage, LLC***

Mr. Mark Lyndon Aschermann at aschermann.law@swbell.net
Barbara Barron at bbarron@bnpclaw.com
BARRON, NEWBURGER & SINSLEY, PLLC
1212 Guadalupe St., Suite 102
Austin, Texas 78701
***Attorneys for Moss Codilis, LLP***

Ed Walton
Barron, Newburger & Sinsley PLLC
101 Metro Dr., Suite A
Terrell, Texas 75160
Attorney for Moss Codilis, LLP
Email: edwalton@renfromail.com
***Attorneys for Moss Codilis, LLP***

/s/ H. Anthony Hervol
H. Anthony Hervol
Attorney for Plaintiff