6IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NAOMI E. BOLES, on behalf of herself and all others similarly situated, | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 5:10-CV-1003-XR |
| MOSS CODILIS, LLP and NATIONSTAR MORTGAGE, LLC, | § | |
| Defendants. | § | |

**DEFENDANT NATIONSTAR MORTGAGE LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Nationstar Mortgage LLC ("Nationstar") files this Reply Brief in Support of its Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and shows the Court as follows:

## I. Introduction

Though it is uncontroverted that Nationstar did not make the allegedly improper statement to Plaintiff underlying this lawsuit, Plaintiff persists nonetheless in bringing a claim directly against Nationstar for statutory damages under the federal Fair Debt Collection Practices Act ("FDCPA") and for an injunction under the Texas Debt Collection Act ("TDCA"). Plaintiff attempts to hold Nationstar liable under a theory of vicarious liability. However, Plaintiff's theory has no basis under the plain language of either statute, and is not supported by cases within the Fifth Circuit or Texas. Accordingly, Plaintiff cannot hold Nationstar vicariously liable under the FDCPA or the TDCA for any statements made by debt collector Moss Codilis LLP.

However, even if vicarious liability did apply in the Fifth Circuit, such liability would only apply to "debt collectors." Plaintiff has failed to demonstrate that she has alleged facts sufficient to show Nationstar regularly collects debts of others or engages in debt collection activities such that it is a "debt collector" under either the FDCPA or the TDCA. Plaintiff alleges only that Nationstar may have the capability to act as a debt collector, but Plaintiff does not allege the requisite facts concerning Nationstar's actual activities in order to state a claim—especially a claim meant to hold Nationstar liable for the statements of a third party.

In addition, even if Plaintiff could hold Nationstar vicariously liable for Moss Codilis's statements (which it cannot), Plaintiff's FDCPA claim is time-barred and should be dismissed for that reason as well. Where, as here, substantively identical statements are made to a consumer on either side of the statute of limitations date, the date of accrual runs from the time of the first statement. Otherwise, a FDCPA claim, which is intentionally subject to a very short statute of limitations, could be kept alive forever by the mere repetition of the same inadvertently improper statement. This is not a proper application or interpretation of the FDCPA.

Finally, because Plaintiff fails to state a claim against Nationstar individually, she cannot state a claim as a putative class representative against Nationstar. Accordingly, the class allegations against Nationstar should be dismissed as well.

## II. Argument

### A. Plaintiff Presents No Fifth Circuit Authority Supporting a Claim to Hold Nationstar Liable for Statements Made by Moss Codilis.

Nationstar has shown in its Motion to Dismiss that it did not make any statements to Plaintiff, which Plaintiff does not dispute. If Plaintiff cannot show a single act by Nationstar that violated the FDCPA or the TDCA with respect to her, she has not stated a claim against Nationstar under those statutes. And moreover, if Plaintiff cannot show any violation of the

FDCPA or the TDCA as to *her*, she does not have standing to bring a putative class action against Nationstar for purported violations as to other individuals. *See Audler v. CBC Innovis Inc.*, 519 F.3d 239, 248 (5th Cir. 2008) ("Because no class has been certified and because … [plaintiff's] direct claims must be dismissed, he cannot serve as the representative of any properly certified class."); *Villagran v. Central Ford, Inc.*, 524 F. Supp. 2d 866, 882 (S.D. Tex. 2007) (noting a lawsuit pleaded as a class action may be resolved by deciding a motion to dismiss or for summary judgment before class certification is decided and that this moots the question of class certification).

Indeed, Plaintiff does not even attempt to argue in her Response that Nationstar has committed a violation of the FDCPA or the TDCA as to her. In fact, Plaintiff now affirmatively *admits* that she does not bring any direct claim against Nationstar. Response at 8, ¶ 9 ("Plaintiff does not make any FDCPA claims directly against Nationstar."). Instead Plaintiff seeks to hold Nationstar liable under the theory of vicarious liability. But as Nationstar set out in its Motion to Dismiss, vicarious liability is not provided for in the FDCPA or the TDCA, and has not been accepted as a theory of liability in the Fifth Circuit. *See Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190-91 (S.D. Tex. 2007) ("[V]icarious liability has not been extended to lenders in the context of FDCPA claims."); *Freeman v. CAC Financial*, No. 3:04cv981, 2006 WL 925609, at *3 (S.D. Miss. Mar. 31, 2006) (noting that "the authority addressing the question of vicarious liability holds that a creditor who hires a debt collector is not vicariously liable for the collector's FDCPA violations"); *see also Household Credit Servs., Inc. v. Driscol*, 989 S.W.2d 72, 83 (Tex. App.—El Paso 1998, pet. denied) (holding trial court erred in submitting a jury question that allowed a creditor to be held liable for the actions of a third party debt collector under agency principles).

Plaintiff cites four cases for the proposition that vicarious liability for FDCPA violations may be available where two "debt collectors" stand in a principal-agent relationship. However, these 20-year old cases from the 9th Circuit, District of New Mexico, Middle District of Alabama, and the Western District of Virginia are not binding or even persuasive authority from the Fifth Circuit or Texas—where Plaintiff chose to bring her lawsuit.[1] In fact, Plaintiff does not cite a single Texas state court case at all in her entire Response, despite purporting to bring a claim against Nationstar under Texas law. In contrast, the cases cited by Nationstar, as well as others from within the Fifth Circuit, reject the application of vicarious liability. *See Bauer v. Dean Morris LLP*, 2010 WL 4103192, at *4 (E.D. La. Oct. 18, 2010) ("[A] creditor cannot be held vicariously liable for FDCPA violations by a debt collector it retains …."); *Salem v. J.P. Morgan Chase & Co.*, No. 3:09CV421-DPJ, 2009 WL 4738182, at *3 (S.D. Miss. Dec. 4, 2009) ("Merely claiming that Chase is somehow responsible for [the debt collector's] acts is … conclusory …."); *Fascogna v. Wells Fargo Bank, N.A.*, No. 3:07CV96-DPJ-JCS, 2009 WL 2843284, at *3 (S.D. Miss. Aug. 31, 2009) ("Defendant correctly observed in its summary judgment motion that *Freeman* actually rejects the notion of vicarious liability under the FDCPA."); *Fouche' v. Shapiro & Massey L.L.P.*, 575 F. Supp. 2d 776, 783 (S.D. Miss. 2008) ("The law is clear, too, that Washington Mutual cannot be vicariously liable for the Massey defendants' activities, even if the Massey defendants are 'debt collectors.'"); *see also Bates v. Novastar/Nationstar Mortgage LLC*, No. 1:08-CV-1443-TW, 2008 WL 2622810, at *6 n.7 (N.D. Ga. 2008) (dismissing claim against Nationstar because the actions of the attorney hired to collect a debt could not be imputed to Nationstar as the creditor).

[1] *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1516 (9th Cir. 1994); *Martinez v. Albuquerque Collections Servs.*, 867 F. Supp. 1495, 1502 (D.N.M 1994); *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1486 (M.D. Ala. 1987); *West v. Costen*, 558 F. Supp. 564, 573 (W.D. Vir. 1983).

The letters purportedly sent to Plaintiff were sent by Moss Codilis, not Nationstar. Indeed, in multiple instances these letters note that Nationstar is the "mortgage servicer" of Plaintiff's loan[2] and every statement made in the letters is made by Moss Codilis. This includes the lone sentence concerning possible deficiencies, which is the basis of Plaintiff's lawsuit. Nationstar is never alleged to have done anything more than act as a proper mortgage servicer with respect to Plaintiff's loan. As Plaintiff cannot show that Nationstar made any statements to her in violation of the FDCPA or the TDCA—and in fact, affirmatively admits that Nationstar did *not* make any such statements—she cannot bring a claim under either statute against Nationstar.

Further, because Plaintiff cannot bring an individual claim against Nationstar, she also does not have standing to bring a putative class action against Nationstar. *See Audler*, 519 F.3d at 248. Notably, Plaintiff does not even address this standing argument, effectively admitting that she cannot bring a class action if she cannot first state an individual claim against Nationstar. The inability to show any standing to bring a class action here is fatal to Plaintiff's action against Nationstar, and the First Amended Complaint should be dismissed as to Nationstar.

**B. Even if Vicarious Liability Were Available, Plaintiff Still Fails to Demonstrate Nationstar is Vicariously Liable for Moss Codilis's Statements.**

Even if vicarious liability were available to Plaintiff under the FDCPA and the TDCA, she has not demonstrated that Nationstar can be held vicariously liable in this case. Under Plaintiff's argument, a defendant that is itself a "debt collector" can be held vicariously liable for

---

[2] A mortgage servicer is not a debt collector, unless it begins servicing the debt when the debt is in default. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), *reh'g granted in part on other grounds*, 761 F.2d 237 (5th Cir. 1985); *id.* ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.") (citing S.Rep. No. 95-382, 95th Cong., 1st Sess. 3). Plaintiff does not allege that Nationstar began servicing her loan when she was in default. In fact, Plaintiff affirmatively alleges that she was *not* in default. AC ¶ 6.

the acts of another debt collector under an agency theory. But Plaintiff has not alleged or stated in her Response sufficient facts to properly allege that Nationstar is a "debt collector."

### ***1. Plaintiff Does Not Allege Sufficient Facts to State Nationstar Regularly Collects Debts of Others and is a Debt Collector Under the FDCPA.***

A debt collector under the FDCPA is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Plaintiff asserts that she alleges Nationstar is a debt collector under the second prong of this definition, *i.e.*, that Nationstar "regularly collects or attempts to collect" debts of others. Response at 3, ¶ 3. In support of her claim that Nationstar is a debt collector, Plaintiff points to allegations concerning Nationstar's independent Debt Recovery Services, Nationstar's licensing as a debt collector and filing of debt collector bonds, a Standard & Poor's evaluation of Nationstar stating that there is a collections and loss mitigation department, and the fact that Nationstar sends mortgage and escrow statements to Plaintiff as part of its services ***as mortgage servicer***. These allegations do not meet the standard necessary to state a claim that Nationstar is a debt collector.[3]

Plaintiff does not allege any *facts* concerning Nationstar's purported debt collection business activity. The Fifth Circuit has stated that courts should look to the "volume or frequency of [the defendant's] debt-collection activities," not to whether a bond has been filed that is required by the state before a party may even undertake any debt collection services. *See Brown v. Morris*, 243 Fed. Appx. 31, 35, 2007 WL 1879392, at *3 (5th Cir. 2007) ("Whether a party 'regularly' attempts to collect debts is determined, of course, by the volume or frequency of

[3] Plaintiff's attempts to link (a) a monthly mortgage statement and escrow statement sent by Nationstar to (b) her allegations that Nationstar regularly collects debts of others is also a non-starter, as this would make every mortgage servicer or creditor a debt collector, which is implausible and has been squarely rejected by the courts.

its debt-collection activities."); TEX. FIN. CODE § 392.101(a) (requiring bond before debt collection services may begin). Plaintiff's allegations do not state facts showing that Nationstar *regularly* collects debts of others—only that Nationstar might be able to collect debts of others, sometimes. Such "may have" allegations are nothing more than conclusory allegations that fail to provide sufficient facts to state a plausible claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 551 (2007) (holding allegations based "upon information and belief," without more, fail to provide sufficient facts "to state a claim to relief that is plausible on its face"). Plaintiff's "walk like a duck" argument is simply not sufficient to meet the pleading standard in federal court.

Plaintiff does not point to a single case in which simply alleging that a party may have the capability of performing debt collection was sufficient to state a claim that the party was regularly engaged in debt collection activities. The citation to *Carter v. Country Wide Home Loans, Inc.* is inapposite, as that court had evidence before it as to the actual volume and frequency of the defendant's debt collection activities, which is also the requirement of the Fifth Circuit. *Carter*, No. 3:07CV651, 2009 WL 2742560, at *9 (E.D. Va. Aug. 25, 2009) (noting that although the acquisition and servicing of loans in default at the time of acquisition represented only 0.21% of Counterywide's business, it still amounted to nearly $2.5 billion in volume). In contrast, Nationstar has already cited a case remarkably on point in which a creditor (LVNV) hired a debt collection service after acquiring a debt and was alleged to be vicariously liable for statements of the debt collector. *DeFazio v. Leading Edge Recovery* Solutions, No. 2:10-cv-02945-WJM-MF, 2010 WL 5146765, at *2-3 (D.N.J. Dec. 13, 2010). The district court in *DeFazio* refused to find the pleadings sufficient to state a claim for vicarious liability against LVNV simply because the plaintiff alleged that LVNV was "primarily in the business of acquiring and/or collecting debts that are allegedly due to another." *Id.* at *3. The court noted

that the plaintiff "does not state the principal purpose of LVNV's business, how often LVNV collects debts due to third parties in its regular business practice, how long it has been doing so, etc." *Id.* The same analysis (and result) applies here. Plaintiff does not allege the principal purpose of Nationstar's business, how often Nationstar collects debts due to third parties in its regular business practice, or how long Nationstar has been doing so. Nor does Plaintiff allege the volume or frequency with which Nationstar allegedly collects debts of others.

In sum, even if vicarious liability were available (which it is not) against a principal that is also generally a debt collector itself, Plaintiff does not allege proper facts sufficient to state a claim that Nationstar is a debt collector. Therefore the First Amended Complaint should be dismissed as to Nationstar for this additional reason. And because Plaintiff cannot state a direct claim against Nationstar under the FDCPA, she also does not have standing to state a class action against Nationstar. *See Audler*, 519 F.3d at 248.[4]

***2. Nationstar Also Cannot Be Held Liable as a Debt Collector Under Texas Law.***

Plaintiff fails to state a plausible claim against Nationstar under the TDCA as well. Plaintiff cannot point to anything in the TDCA, or any case under Texas law, holding a creditor or mortgage servicer can be held liable as a "debt collector" simply by hiring a third party debt collection agency or debt collection lawyer. Plaintiff states that "even if Nationstar were not a third party debt collector under the TDCA [which is the equivalent of a debt collector under the

[4] Plaintiff's vicarious liability argument also fails because she has not alleged sufficient facts concerning Nationstar's purported "control" over Moss Codilis's actions, the critical element of a claim based on allegations of agency. To be vicariously liable under Texas law, a principal must "control" the means and details of the process by which the agent will accomplish the task. *See Indian Harbor Ins. Co. v. Valley Forge Ins. Group*, 535 F.3d 359, 364-65 (5th Cir. 2008) (applying Texas law) ("This control must relate to the activity that actually caused the injury."); *McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 829 (Tex. App.—Dallas 2010, no pet.) (noting that the right of control is the critical element of an agency relationship, and "the principal must have control of both the means and details of the process by which the agent is to accomplish its task in order for an agency relationship to exist"). Plaintiff alleges that Moss Codilis "was authorized and directed by Nationstar to … send the debt collection letters," and that Moss Codilis works with Nationstar in sending the letters, AC ¶ 13, but does not allege the level of control Nationstar has over the means and details of the process.

FDCPA], it is most certainly a 'debt collector' as defined under the TDCA." Response at 10-11, ¶ 11. But simply stating that Nationstar may have the capability to collect debts as a debt collector, due to licensing and the filing of certain state bonds, does not state facts showing that Nationstar actually conducts debt collection activities. The TDCA defines "debt collector" as "a person who directly or indirectly engages in debt collection." TEX. FIN. CODE § 392.001(6). As this Court has noted, simply alleging that "a 'debt collector' engaged in 'debt collection'" does not allege a claim under the TDCA. *Garza v. Sallie Mae, Inc.*, SA-10-CV-510-XR, 2010 WL 3784197, at *2 (W.D. Tex. Sept. 21, 2010). Accordingly, Plaintiff also fails to state a claim for vicarious liability under the TDCA and the First Amended Complaint should be dismissed as to Nationstar under this claim. And as with the FDCPA claim, because Plaintiff cannot state a claim against Nationstar individually, she cannot state a claim on behalf of the putative class.

**C. Plaintiff's Direct Claims Against Nationstar Under the FDCPA are Time-Barred.**

Finally, even if Plaintiff had properly stated a claim for vicarious liability against Nationstar based on the Moss Codilis letters, Plaintiff's FDCPA claims would still be time-barred, as shown in the Motion to Dismiss.[5] All but one of the letters sent by Moss Codilis to Plaintiff are dated prior to December 14, 2009. Indeed, the first of these letters is dated February 2, 2009. Moreover, there are no substantive differences between the letters. Thus, Plaintiff was aware of the alleged misrepresentation underlying this lawsuit long before the statute of limitations accrual date.

Plaintiff cites *Arvie v. Dodeka*, No. H-09-1076, 2010 WL 4312907 (S.D. Tex. Oct. 25, 2010), for the proposition that if letters containing alleged misrepresentations are received on either side of the statute of limitations date then a FDCPA claim may be brought as to the most

[5] As Plaintiff correctly notes, this argument does not apply to her TDCA claim. But Plaintiff cannot state a direct claim against Nationstar under the TDCA in any event, as shown above.

recent letters. As noted in the Motion to Dismiss, this argument would improperly permit a cause of action to "be kept alive *indefinitely* because each new communication would start a fresh statute of limitations." *Kirscher v. Messerli & Kramer*, No. Civ. 05-1901, 2006 WL 145162, at *4 (D. Minn. Jan. 18, 2006) (emphasis added). This argument is not a proper application of the FDCPA, which has a deliberately short statute of limitations and is not subject to the discovery rule. *See Archer v. Nissan Motor Acceptance Corp.*, 550 F.3d 506, 509 (5th Cir. 2008) (holding discovery rule does not apply "to statutes that key the start of the limitations period to 'the date of the occurrence of the violation'"); 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter [the FDCPA] may be brought ... within one year from the date *on which the violation occurs*.") (emphasis added). Indeed, in the similar context of defamation claims (which also have a short, generally one-year, statute of limitations), the Fifth Circuit has noted that most courts have rejected any "continuing violation" theory applicable to discrete acts of republication of the same material, and accordingly hold that republication of the same defamatory material constitutes "but one tort," with one statute of limitations applicable to all publications. *Hyde v. Hibernia Nat'l Bank in Jefferson Parish*, 861 F. 2d 446, 449-50 (5th Cir. 1988).[6] The same analysis applies to substantively identical statements sent in monthly debt collection letters such as those sent by Moss Codilis. Had

[6] The Fifth Circuit in *Hyde* held that this single-publication rule was inapplicable to the Fair Credit Reporting Act because, due to the confidential nature of a credit report, each new issuance of a false credit report was likely to result in a distinct and separate injury. 861 F.2d at 450. Those concerns are not applicable here, where the exact same allegedly erroneous statement is made to a borrower and it is undisputed that no actual damages have arisen from the statement. Such statements in debt collection letters are not analogous to confidential statements in credit reports. Notably, Plaintiff does not, and cannot, allege any actual damages on behalf of herself or any of the putative class member.

Congress intended for each repeated statement to re-start the statute of limitations, the FDCPA could easily have been worded that way. Plaintiff's FDCPA claim is barred by limitations.[7]

For this reason as well, Plaintiff has no standing to bring a putative FDCPA class action. *See Faircloth v. Fin. Asset Secs. Corp. Mego Mortg. Homeowner Loan Trus*t, 87 Fed. Appx. 314, 318 (4th Cir. 2004) (dismissing potential class claims where lead plaintiff's direct claims were dismissed on limitations grounds). Plaintiff's FDCPA claim should therefore be dismissed, both as to her individual and class action claims.

## III. Conclusion

Plaintiff has failed to demonstrate that her allegations state a plausible claim for liability under the FDCPA or the TDCA against Nationstar. Accordingly, for the foregoing reasons and the reasons stated in Nationstar's Motion to Dismiss, Plaintiff's individual and class action claims against Nationstar should be dismissed.

[7] At a minimum, as even Plaintiff now concedes (Response at 11-12), Plaintiff's FDCPA claims (individually and as a putative class representative) must be dismissed as to letters dated prior to December 14, 2009.

Respectfully submitted,

/s/ Lisa S. Gallerano
Lisa S. Gallerano
lgallerano@akingump.com
Texas Bar No. 07589500
Patrick G. O'Brien
pobrien@akingump.com
Texas Bar No. 24046541
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201
Telephone: 214.969.2800
Facsimile: 214.969.4343

ATTORNEYS FOR DEFENDANT
NATIONSTAR MORTGAGE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2011, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record in this case who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Patrick G. O'Brien