# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NAOMI BOLES, | § | |
|     *Plaintiff*, | § § § | |
| v. | § | Civil Action No. SA-10-CV-1003-XR |
| MOSS CODILIS, LLP and NATIONSTAR MORTGAGE, LLC, | § § § § | |
|     *Defendants*. | § | |

## ORDER ON MOTION TO DISMISS

On this date, the Court considered Defendant Nationstar Mortgage's Motion to Dismiss (Docket Entry No. 29), Plaintiff's Response (Docket Entry No. 38), and Defendant's Reply (Docket Entry No. 39). For the following reasons, Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART.

## FACTUAL BACKGROUND

In 1991, Plaintiff acquired the real property at 7202 Elm Trail in San Antonio, Texas. On October 13, 2006, she obtained a Texas home equity loan with Defendant Nationstar. The property is collateral on her loan. In August 2008, Nationstar alleged that Plaintiff became delinquent on her payments, which Boles disputed. The dispute continued for several months and Nationstar ultimately hired Defendant Moss Codilis to collect the debt. Moss Codilis mailed to Plaintiff at least 10 form letters containing the following representation: "If you voluntarily surrender possession of the collateral specified herein, you could still owe additional monies after the money received from the sale of the collateral is deducted from the total amount you owe." The letters also state: "If you

1

received a bankruptcy discharge which included this debt, this notice is not intended and does not constitute an attempt to collect a debt against you personally; notice provisions may be contained within your mortgage/deed of trust which require this notice prior to foreclosure."

Plaintiff alleges that Moss Codilis has sent the same form letter to hundreds or thousands of Texas residents who have home equity loans. She asserts that the letter misrepresents Texas law and the status of the loan, because Article 16 of the Texas Constitution provides that Texas residents who have home equity loans secured by their homesteads are not subject to personal liability on the loan or for any deficiency owing on the loan after foreclosure. *See* TEX. CONST. ART. 16 § 50(a)(6)(c).

## PROCEDURAL BACKGROUND

Plaintiff filed a putative class action complaint on December 14, 2010.[1] She alleges Fair Debt Collection Practices Act ("FDCPA") and Texas Debt Collection Act ("TDCA") violations against both Defendants. She seeks statutory damages, a permanent injunction preventing Defendants from threatening personal liability in the event that surrendered collateral does not fully satisfy the amounts owed on Texas home equity loans, and attorneys' fees. She seeks to certify a class of "[a]ll persons who had a home equity loan secured by their homestead in Texas, and to whom the form of letter attached [to the Complaint] (or a similar letter indicating that the recipient has personal liability on a Texas home equity loan) was mailed by one or both Defendants during the period of time after December 13, 2008 (two years prior to the filing of this case) through the date of certification."

Nationstar filed a motion to dismiss on February 15, 2011,[2] and Moss Codilis filed a motion

---

[1] Pl.'s Orig. Compl., Dec. 14, 2010 (Docket Entry No. 1).

[2] Nationstar's 1st Mot. to Dismiss, Feb. 15, 2011 (Docket Entry No. 9).

to dismiss and an answer on February 21, 2011.[3] Boles filed a motion to certify the class on February 22, 2011,[4] and an amended complaint on February 28, 2011.[5] After the amended complaint was filed, both Nationstar and Moss Codilis withdrew their pending motions to dismiss.[6] Boles filed a motion to strike Moss Codilis' Rule 68 offer of judgment on March 14, 2011.[7] On March 17, 2011, Moss Codilis filed an amended answer[8] and Nationstar filed a second motion to dismiss.[9] This Court extended the Defendants' deadline to file a response to Plaintiff's motion to certify class until 60 days following the Court's ruling on the present motion to dismiss.[10]

## LEGAL STANDARD

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss under 12(b)(6), all factual allegations from the complaint should be taken as true. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Additionally, the facts are construed

---

[3]Moss Codilis' 1st Mot. to Dismiss, Feb. 21, 2011 (Docket Entry No. 10); Moss Codilis' Orig. Ans., Feb. 21, 2011 (Docket Entry No. 11).

[4]Pl.'s Mot. to Certify Class, Feb. 22, 2011 (Docket Entry No. 14).

[5]Pl.'s 1st Am. Compl., Feb. 28, 2011 (Docket Entry No. 16).

[6]Moss Codilis' Unopposed Mot. to Withdraw, Mar. 11, 2011 (Docket Entry No. 22); Nationstar's Notice of Withdrawal, Mar. 14, 2011 (Docket Entry No. 23); Order Granting Mot. to Withdraw, Mar. 15, 2011 (Docket Entry No. 24).

[7]Mot. to Strike Rule 68 Offer, Mar. 14, 2011 (Docket Entry No. 24).

[8]Moss Codilis' 1st Am. Ans., Mar. 17, 2011 (Docket Entry No. 27).

[9]Nationstar's Mot. to Dismiss, Mar. 17, 2011 (Docket Entry No. 29).

[10]Order Granting Unopposed Mot. for Extension of Time, Apr. 5, 2011 (Docket Entry No. 37).

favorably to the plaintiff. *Id.* Courts may look only to the pleadings in determining whether a plaintiff has adequately stated a claim; consideration of information outside the pleadings converts the motion to one for summary judgment. FED. R. CIV. P. 12(d). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations must be sufficient to "raise a right to relief above the speculative level." *Id.* A well-pleaded complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id.* 556.

## ANALYSIS

Plaintiff asserts that both Defendants have violated the FDCPA, which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including by falsely representing "the character, amount, or legal status of any debt[,] or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt";[11] threatening "to take any action that cannot legally be taken or that is not intended to be taken";[12] and using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."[11] She also asserts violations of three TDCA provisions: Texas Finance Code sections 392.01(7), prohibiting a debt collector from using "threats, coercion, or attempts to coerce [by] threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper

---

[11] 15 U.S.C. § 1692e(2).

[12] 15 U.S.C. § 1692e(5).

[11] 15 U.S.C. § 1692e(10).

court proceedings"; 392.304(8) prohibiting a debt collector from "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding"; and 392.304(19) prohibiting a debt collector from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

**A. Fair Debt Collection Practices Act ("FDCPA")**

Nationstar argues that Plaintiff cannot bring a direct claim against it for FDCPA violations because it has not alleged facts to support that the letters were sent or purported to be sent by Nationstar. It argues that it cannot be vicariously liable for Moss Codilis' actions because vicarious liability under the FDCPA does not apply against lenders or mortgage servicers, and that Plaintiff cannot prove that Nationstar falls within the statute's definition of "debt collector."

Plaintiff asserts claims under three FDCPA provisions that govern the conduct of "debt collectors." 15 U.S.C. § 1692e(2), (5), and (10). The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The definition specifically excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due to the extent that such activity...(ii) concerns a debt that was originated by such person [or] (iii) concerns a debt which was not in default at the time it was obtained by such person..." 15 U.S.C. § 1692a(6)(F).

Thus, the statute itself provides an exemption from liability for any creditor attempting to

5

collect on a debt that it has originated or that was not in default when it obtained the debt.¹² *Id.* Accordingly, the Fifth Circuit has held that, generally, lenders are not vicariously liable for FDCPA violations committed by debt collectors acting on their behalf. *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176, 190-91 (5th Cir. 2007) (citing *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996)). Accordingly, because it is the loan originator and mortgage servicer in relation to Boles' mortgage, Nationstar argues that it cannot be held vicariously liable for Moss Codilis' actions.

Plaintiff argues, however, that the prohibition on lender vicarious liability does not apply here because Nationstar is itself also a debt collector, and thus can be held liable for the actions of its agent who was also acting as a debt collector in this particular instance.¹³ Plaintiff relies on a Fifth Circuit case holding that a party's "general, not specific, debt collection activities" determine whether they fall within the statutory definition of "debt collector." *Kaltenbach v. Richards*, 464 F.3d 524, 529 (5th Cir. 2006); *see also Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996) (acknowledging that debt collector may be vicariously liable for violations committed by its agent who was also a debt collector).

*Kaltenbach* is distinguishable from this case. That case dealt with a defendant whose primary business was the enforcement of security interests. Only one particular FDCPA provision governs the enforcement of security interests. The Fifth Circuit held, however, that a party whose primary business is the enforcement of security interests may still be liable for other FDCPA provisions if it

---

¹²As noted above, the TDCA applies to both creditors collecting their own debts as well as those collecting debts for others. TEX. FIN. CODE 392.001(6)-(7).

¹³Pl.'s First Am. Compl. ¶ 13; Pl.'s Resp. at 7-8.

also fits the general definition of a debt collector. *Kaltenbach*, 464 F.3d at 528-29. The Court noted that an individual who meets the general statutory definition of a debt collector "is a debt collector for purposes of the entire FDCPA." *Id.* at 529. In contrast, here Nationstar does not fall within the general definition of a debt collector, as that definition specifically excludes creditors such as Nationstar. It is not a liability provision which excludes Nationstar from liability in relation to particular conduct, but rather the definition of debt collector which specifically excludes Nationstar from being subject to any of the FDCPA's liability provisions governing debt collectors with regard to activities of collecting debt owed to it. Therefore, even if Boles could prove that Nationstar "regularly collects or attempts to collect" debt, it is still excluded from the FDCPA provisions by the definition's clear exclusion of any person collecting or attempting to collect "a debt which was originated by that person."[14]

Plaintiff cites several authorities for her proposition that vicarious liability is available under the FDCPA where a debt collector uses an attorney or another debt collector as its agent.[15] None of these cases, however, supports imposing vicarious liability against the originator of the debt or mortgage servicer. Although the Fifth Circuit has not explicitly ruled on the issue, several courts have rejected the notion of holding a creditor or other non-debt collector vicariously liable for the actions of a debt collector.[16] As the Sixth Circuit stated in *Wadlington*, to impose such vicarious liability would hold non-debt collectors liable for violations of the FDCPA, which is clearly against the intent of Congress as the statute specifically applies only to debt collectors. *Wadlington*, 76 F.3d at 108.

---

[14]*See* 15 U.S.C. §1692a(6).

[15]*See* Pl.'s Resp. at 9.

[16]*See e.g. Bauer v. Dean Morris, L.L.P.*, 2010 WL 4103192 (E.D. La. 2010);

7

A plaintiff may still have a claim against the creditor under common law negligence relating to its selection, instruction, and supervision of a third party debt collector,[17] but Boles has not asserted any such claims against Nationstar in this case.

Plaintiff has also alleged that Nationstar may have itself composed the letter and then authorized and directed it to be sent by Moss Codilis.[18] Even construing Plaintiff's assertions as true, the clear exclusion of loan originators and mortgage servicers from the debt collector definition prevents holding Nationstar liable under the FDCPA for actions taken in connection with collecting the loan that it originated to Boles.

Nationstar's motion to dismiss Plaintiff's FDCPA claim is GRANTED.[19]

**B. Texas Debt Collection Act ("TDCA")**

Plaintiff also alleges a claim for injunctive relief under the TDCA pursuant to three provisions prohibiting conduct by "debt collectors" as defined under that statute. TEX. FIN. CODE §§ 392.01, 392.304(8) and (19). Under the TDCA, a debt collector is defined as "a person who directly or indirectly engages in debt collection." TEX. FIN. CODE § 392.001(6). The statute separately defines third-party debt collectors as any debt collector that falls within the FDCPA definition. TEX. FIN. CODE § 392.001(7). Thus, the TDCA's definition of a debt collector is broader than that under the

---

[17]*See e.g., Bauer*, 2010 WL 4103192, *4; *Fouche'*, 575 F.Supp.2d 776, 783 (S.D. Miss. 2008); *Freeman v. CAC Financial, Inc.,* No. 3:04CV981WS, 2006 WL 925609, *1 (S.D. Miss. Mar. 31, 2006).

[18]Pl.'s First. Am. Compl. ¶ 13.

[19]Nationstar also argues that Plaintiff's FDCPA claim is time-barred by a one-year statute of limitations. Because she cannot state a claim against Nationstar, the Court need not resolve the statute of limitations question at this time. Nationstar does not challenge the TDCA claim on statute of limitations grounds.

FDCPA, and includes creditors seeking to collect debts originated by them.

Nationstar argues that Plaintiff has not alleged facts, but only a conclusory allegation, that it falls within the TDCA's definition of debt collector. Boles' complaint alleges facts regarding Nationstar's collection of debts owed to it and to others. She alleges that Nationstar sent one of the letters at issue in this case and identified itself as a debt collector therein;[20] that it identifies itself as a debt collector on monthly mortgage statements and annual escrow account disclosure statements;[21] and that it trains its employees on the FDCPA and other regulatory guidelines.[23] She also alleges that Nationstar represents itself to be a third party debt collector on its website, advertises its Independent Debt Recovery Services group, and solicits business for third party debt collections in all 50 states;[24] and that Nationstar has posted third party debt collector bonds, required only for third party debt collectors by TEX. FIN. CODE ANN. § 392.101, with the Texas Secretary of State.[25]

These allegations go beyond a mere conclusory statement that Nationstar is a debt collector engaged in debt collection,[26] and state a claim that Nationstar falls within the general statutory definition of a debt collector.[27] Furthermore, Nationstar has presented no authority suggesting that

---

[20] Pl.'s First Am. Compl. ¶12(A).

[21] *Id.* ¶12(D).

[23] *Id.* ¶12(E)(iv).

[24] *Id.* ¶12(B).

[25] *Id.* ¶12(C).

[26] *See Garza v. Sallie Mae, Inc.*, SA-10-CV-510-XR, 2010 WL 3784197, at *2 (W.D. Tex. Sept. 21, 2010).

[27] Plaintiff also alleges several other facts, which do not necessarily lead to the conclusion that Nationstar is a third party debt collector as opposed to collecting only debts that it has originated. *See id.* ¶12(A), (D)-(E).

it cannot be held vicariously liable for the acts of its agent pursuant to the TDCA. Accordingly, Nationstar's motion to dismiss Plaintiff's TDCA claim against it is DENIED.

## CONCLUSION

Nationstar's motion to dismiss is GRANTED IN PART and DENIED IN PART. The motion is GRANTED on Plaintiff's FDCPA claims and those claims are dismissed. The motion is DENIED on Plaintiff's TDCA claims, and those claims remain. Furthermore, Plaintiff's claims against Moss Codilis under both the FDCPA and the TDCA remain. In accordance with the Court's Order of April 5, 2011 (Docket Entry No. 37), the deadline for Nationstar and Moss Codilis to respond to Boles' motion for class certification is August 30, 2011.

It is so ORDERED.

SIGNED this 1st day of July, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE