UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NAOMI BOLES, on behalf of herself and all others similarly situated, | § § § § | |
| Plaintiff, | § § | Civil Action No. SA-10-CV-1003-XR |
| v. | § § | |
| MOSS CODILIS, LLP and NATIONSTAR MORTGAGE, LLC, | § § § | |
| Defendants, | | |

**ORDER**

On this date, the Court considered the Plaintiff's Motion to Strike Rule 68 Offer of Judgment. (Docket No. 24). For the reasons stated below, the Plaintiff's motion is GRANTED.

**Background**

Plaintiff filed this case on December 14, 2010, as a putative class action, asserting claims under the Federal Fair Debt Collection Act ("FDCPA") and Texas Debt Collection Act ("TDCA"). On February 22, 2011, Plaintiff filed a Motion to Certify Class. (Docket No. 14). Ten days later, Defendant forwarded to Plaintiff a FED. R. CIV. P. 68 offer of judgment, which was offered to Plaintiff personally and only with respect to Plaintiff's individual claims. The offer was for $1,000.00, which is the statutory maximum amount an individual Plaintiff may recover under the FDCPA. The offer explicitly stated that its purpose was not to moot the class action or deprive the court of Article III jurisdiction. On March 14, 2011, Plaintiff filed a motion to strike the offer, arguing that it was an impermissible attempt to "pick off" the named Plaintiff by mooting the case

1

or creating a conflict between the named Plaintiff and the class members by threatening to shift the costs of the litigation solely onto the named Plaintiff.

**Analysis**

"Rule 68 provides that if a timely pretrial offer of settlement is not accepted and 'the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.'" *Marek v. Chesny*, 473 U.S. 1, 5 (1985) (quoting FED. R. CIV. P. 68). The "plain purpose of Rule 68 is to encourage settlement and avoid litigation …. The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Id*. While Rule 68 works perfectly well in individual actions, the text of the rule does not address or mention class actions or Rule 23, and courts have recognized that "its application is strained when an offer of judgment is made to a class representative." *Weiss v. Regal Collections*, 385 F.3d 337, 344 (3d Cir. 2004).

As an initial matter, an offer of judgment prior to class certification that is directed solely at the named plaintiff's claim and gives the plaintiff all the relief to which the plaintiff could legally be entitled, would normally moot the named representative's claim and require dismissal of the case. However, such an outcome would seriously undermine the purpose of Rule 23, which recognizes "[a] significant benefit to claimants who choose to litigate their individual claims in a class-action context [by] reducing their costs of litigation, particularly attorney's fees, by allocating such costs among all members of the class who benefit from the recovery," *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338 n.9 (1980), and "permit[ing] the plaintiffs to pool claims which would be uneconomical to litigate individually." *Phillips Petroleum v. Shutts*, 472 U.S. 797, 809 (1985). The purpose of Rule 23 would be especially frustrated in cases such as this, where there is a federal

2

statute that explicitly provides for class damages and is intended "to be self-enforcing by private attorney generals." *Weiss*, 385 F.3d at 345. A rule allowing the named plaintiff to be "picked off" by making an offer of judgment would frustrate the objective of the statute and the purpose of its collective action provision. *See Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 918 (5th Cir. 2008).

It is therefore well settled that a case cannot be mooted by an offer of judgment to the named plaintiff while a timely-filed motion for class certification is pending. *See, e.g., Weiss*, 385 F.3d at 345; *Sandoz*, 553 F.3d at 918; *McDowall v. Cogan*, 216 F.R.D. 46, 50-52 (E.D.N.Y. 2003). Defendant properly recognized this authority in its response to Plaintiff's motion to strike, and confirmed that it was not seeking to moot Plaintiff's claim. Nevertheless, Plaintiff expressed concern in its filings that Defendant's motive for offering judgment was to "pick off" the Plaintiff and moot the class action. The Court therefore confirms that Plaintiff's case has not been mooted by the offer of judgment, and that the Court maintains Article III jurisdiction.

Plaintiff next argues that even if the Rule 68 offer does not moot Plaintiff's claim, Defendant is still "trying to 'pick off' the Plaintiff [by] simply trying to shift the risk of costs to the Plaintiff." Plaintiff asserts that Rule 68's cost shifting provision creates a conflict between the named Plaintiff and the class by placing the named Plaintiff in the untenable position of having to choose between settling for the full statutory amount or pursuing the class action and possibly being burdened with costs of the class certification process if her motion is denied.

Defendant counters that its offer of judgment could not possibly have the effect of "picking off" the named Plaintiff because "[i]f the individual plaintiff chooses not to accept the offer of settlement and in the unlikely event that a class is certified in this matter, the Rule 68 Offer becomes

a nullity." Defendant is correct that the offer would be nullified by certification of the class, but it is incorrect that this resolves whether the offer could have the effect of "picking off" the plaintiff.

A class representative stands in a special relationship to members of the class, and there should be nothing that would cast doubt on the representative's ability to protect the interests of the class. *See Roper*, 445 U.S. at 331-32; *see also In re Consumers Power Co. Sec. Litigation*, 105 F.R.D. 583, 603 (E.D. Mich. 1985). The Fifth Circuit has noted that "[b]y the very act of filing a class action, the class representatives assume responsibilities to members of the class." *Roper v. Consurve, Inc.*, 578 F.2d 1106, 1110 (5th Cir. 1978). However when a Rule 68 offer is made pre-certification, the class representative is compelled "to weigh [their] own interest in avoiding personal liability for costs under Rule 68 against the potential recovery of the class." *Zeigenfuse v. Apex Asset Mgmt., L.L.C.*, 239 F.R.D. 400, 402 (E.D. Pa. 2006) (citing *Janikowski v. Lynch Ford, Inc.*, No. 98-8111, 1999 U.S. Dist. LEXIS 12258 (N.D. Ill. Aug. 5, 1999)). This is especially concerning because "[i]t is the time before the certification of the class when the work of the class representative on behalf of the class is often the most important, time-consuming, and risky, as it is during this time that the representative is trying to convince the court that the claim is worthy of class certification- an expensive proposition without a guarantee of success." *Johnson v. U.S. Bank Nat'l Ass'n*, Civ. No. 10-4880, 2011 U.S. Dist. LEXIS 73449, at *4-5 (D. Minn. June 29, 2011). As a result, the Rule 68 offer places improper pressure on the named Plaintiff to drop the class action.

This result, however, is not the one intended by Rule 68. The purpose of Rule 68 is to prompt the parties to consider the risks and costs of litigation, and balance those risks against the likelihood of success at a trial on the merits. However a Rule 68 offer made while a class certification motion is pending, forces the named Plaintiff to consider the strength of the class

certification motion, not the likelihood of success on the merits. "Moreover, a rule allowing plaintiffs to be 'picked off' at an early stage in a putative class action may waste judicial resources by 'stimulating successive suits brought by others claiming aggrievement.' This result is contrary to the purpose of Fed. R. Civ. P. 68 as well." *Weiss*, 385 F.3d at 345 (internal citations omitted). *See also* 13 Moore's Federal Practice § 68.02[2], at 68-7 (3d ed. 2004) ("The primary purpose of Rule 68 is to promote settlements and avoid protracted litigation."). Thus, giving a Rule 68 offer effect in a case such as this would contravene the purpose of Rules 68 and 23, not to mention the collective action provision of the FDCPA.

Having decided that a Rule 68 offer of judgment is inappropriate at this time, the Court must determine whether the issue is ripe for review. District courts are split on whether rejection of a Rule 68 offer may be reviewed by courts prior to a request for costs. Rule 68(b) states that "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs[.]" This language has prompted a few courts to find that a motion to strike a Rule 68 offer prior to the offer's submission to the court is not ripe for review and improperly requests an advisory opinion. *See Buechler v. Keyco, Inc.*, Civ. No. WDQ-09-2948, 2010 U.S. Dist. LEXIS 40197, at *12-13 (D. Md. April 22, 2010) and *Bryant v. Bonded Accounts Servs.*, Civ No. 00-1072, 2000 U.S. Dist. LEXIS 22309, at *13-14 (D. Minn. Aug. 2, 2000). In contrast, other courts have determined that the Rule 68 offer creates an ongoing conflict between the class representative and the putative class members, and that the issue must be resolved immediately in order to prevent it from undermining the purpose of the class action device. *See Smith v. NCO Fin. Sys.*, 257 F.R.D. 429, 434 (E.D. Pa. 2009); *Johnson v. U.S. Bank Nat'l Ass'n*, Civ. No. 10-4880, 2011 U.S. Dist. LEXIS 73449, at *16-17 (D. Minn. June 30, 2011).

This Court agrees with those courts who have determined that the issue is ripe for review. The purpose of the ripeness doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . ." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 105, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977). Nothing about the current controversy is abstract or theoretical. The Rule 68 offer had an immediate impact on the named Plaintiff in this case by pitting her interests against the interests of the putative class members. The Rule 68 offer therefore creates a meaningful legal dispute that is ripe for adjudication.

Finally, the Court must determine whether striking the Rule 68 offer is the appropriate procedural mechanism for resolving this matter. Once again, there is a split among district courts. A few courts have looked to the language of Rule 12(f), which permits striking matters from pleadings, and determined that "there is nothing to strike here, as an offer of judgment is not filed with the court until accepted or until offered by a defeated party to prove costs." *McDowell v. Cogan*, 216 F.R.D. 46, 52 (E.D.N.Y. 2003); *see also Hrivnak v. NCO Portfolio Mgmt, Inc.*, 723 F. Supp. 2d 1020, 1029 (N.D. Ohio 2010). A number of these courts have instead declared the Rule 68 offer ineffective. *See, e.g., McDowell*, 216 F.R.D. at 51-52. However, other courts have determined that striking the motion is the most effective procedural mechanism to prevent the offer from potentially undermining the class action device. *See, e.g., Johnson v. U.S. Bank Nat'l Ass'n*, Civ. No. 10-4880, 2011 U.S. Dist. LEXIS 73449, at *16-17 (D. Minn. June 30, 2011); *Lamberson v. Fin. Crimes Servs., LLC*, Civ No. 11-98, 2011 U.S. Dist. LEXIS 56614, at *10-11 (D. Minn April 13, 2011); *Hornicek v. Cardworks Servicing, LLC*, No. 10-CV-3631, 2011 U.S. Dist. LEXIS 42091, at *2 (E.D. Pa. March 18, 2011).

This Court agrees with those courts that have stricken the offers of judgment. As one court noted, "[w]hether an offer of judgment can be stricken, or simply declared ineffective, is the sort of technicality that elevates form over substance." *Lamberson v. Fin. Crimes Servs., LLC*, Civ No. 11-98, 2011 U.S. Dist. LEXIS 56614, at *10-11 (D. Minn April 13, 2011). Striking the Rule 68 offer is the most efficient and effective way to acknowledge that the offer is invalid. It also is the result most consistent with this Court's duty to protect the putative class members and "manage the class action in a manner consistent with the purposes of Rule 23." *Johnson v. U.S. Bank Nat'l Ass'n*, Civ. No. 10-4880, 2011 U.S. Dist. LEXIS 73449, at *17-18 (D. Minn. June 29, 2011). *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (noting that courts have implied powers that "are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"). Accordingly, this Court holds that Defendant's offer of judgment is invalid and stricken. However, if the Court denies Plaintiff's motion for class certification, the Defendant may submit another Rule 68 offer of judgment to the Plaintiff at that time.

**Conclusion**

The Plaintiff's Motion to Strike Rule 68 Offer of Judgment is GRANTED and the Rule 68 offer is STRICKEN.

SIGNED this 15th day of September, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE